# EXHIBIT 1

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
6/29/2026 4:25:04 PM
Clerk of the Superior Court
By A. Vargas ,Deputy Clerk

Rick A. Waltman (State Bar No. 306463)
Andrew T. Katseanes (State Bar No. 351638)
Nicholas J. Ferraro (State Bar No. 306528)
Lauren N. Vega (State Bar No. 306525)
Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
(619) 693-7727 main / (619) 350-6855 facsimile
rick@ferrarovega.com / andrew@ferrarovega.com
nick@ferrarovega.com / lauren@ferrarovega.com

*Attorneys for Plaintiff Shayna Hill*

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

SHAYNA HILL, on behalf of others similarly situated,

Plaintiffs,

vs.

MARTIN MARIETTA MATERIALS, INC. and DOES 1 through 50, inclusive,

Defendants.

Case No. 26CU035198C

**Judge:**
**Department:**

**CLASS ACTION**

**CLASS ACTION COMPLAINT**

1. Failure to Pay All Wages Owed
2. Failure to Pay All Overtime Wages
3. Paid Sick Leave Violations
4. Untimely Payment of Wages
5. Wage Statement Violations
6. Waiting Time Penalties
7. Failure to Reimburse Business Expenses
8. Unfair Competition
9. Unlawful Wage Deductions
10. Meal Period Violations
11. Rest Period Violations
12. Sick Pay Violations

Action Filed:

Plaintiff SHAYNA HILL, on behalf of all others similarly situated ("Plaintiff") brings this CLASS ACTION COMPLAINT against Defendants MARTIN MARIETTA MATERIALS, INC. and DOES 1 through 50, inclusive (collectively "Defendants"), alleging as follows:

## INTRODUCTION

1. This is a class action filed for wage and hour violations of the California Labor Code.

2. Defendants failed to compensate Plaintiff and class members for all hours suffered or permitted to work in violation of the applicable IWC Wage Order.

3. Defendants' underpayment of wages was facilitated by their company-wide practices of requiring off-the-clock work.

4. Defendants also underpaid overtime, paid sick leave, and premiums by failing to include bonuses and other forms of remuneration in the regular rate of pay calculations.

5. Defendants maintained an unlawful policy and practice of deducting wages and earnings from Plaintiff and the covered employees

6. Defendants failed to reimburse Plaintiff and the covered employees for work related expenses.

7. Defendants' employment policies, practices, and payroll administration systems enabled and facilitated these violations on a company-wide basis with respect to the class members.

8. Defendants are further liable for derivative claims for wage statements, untimely payment, and other associated violations.

9. Plaintiff seeks to recover the underpaid damages, plus associated penalties, interests, attorney's fees and costs.

## JURISDICTION & VENUE

10. Jurisdiction of this action is proper in this Court under Article VI, Section 10 of the California Constitution as the causes of action are premised upon violations of California law.

11. The monetary damages and restitution sought exceed the minimal jurisdiction limits of the Superior Court.

12. This Court has jurisdiction over Defendants because, upon information and belief, Defendants have sufficient minimum contacts in California, or otherwise intentionally avail themselves to the California economy so as to render the exercise of jurisdiction over them by the

California courts consistent with traditional notions of fair play and substantial justice.

13. Venue is proper in this Court under Code of Civil Procedure sections 393(a), 395, and/or 395.5 because, upon information and belief, Defendants conducted business and committed some of the alleged violations in this County.

**PARTIES**

**A. Plaintiff Shayna Hill**

14. Plaintiff Hill is an individual over 18 years of age who worked for Defendants in California as a non-exempt employee from about April 2001 to April 2026. Plaintiff worked as a Safety Lead.

**B. Defendants**

15. Defendant Martin Marietta Materials, Inc. is a North Carolina corporation that maintains operations and conducts business throughout the State of California, including in this county.

16. The true names and capacities, whether individual, corporate, or otherwise, of the parties sued as DOES 1 through 50, are presently unknown, unascertainable, or uncertain, and are sued by such fictitious names under Code of Civil Procedure section 474. Upon information and belief, each of DOES 1 through 50 constitutes a legal employer or is otherwise legally responsible in some manner for the acts and omissions alleged herein. This Complaint may be amended to reflect their true names and capacities once ascertained.

17. Upon information and belief, Defendants in this action are employers, co-employers, joint employers, and/or part of an integrated employer enterprise, as each of the Defendants exercised control over the wages, hours, and working conditions of the employees, suffered and permitted them to work, and otherwise engaged them as employees under California law.

18. Upon information and belief, at least some of the Defendants have common ownership, common management, interrelationship of operations, and centralized control over labor relations and are therefore part of an integrated enterprise and thus jointly and severally responsible for the acts and omissions alleged herein, including pursuant to Labor Code sections 558, 558.1, and 1197.1.

19. Upon information and belief, Defendants acted in all respects pertinent to this action as

an alter-ego, agent, servant, joint employer, joint venturer, co-conspirator, partner, in an integrated enterprise, or in some other capacity on behalf of all other co-defendants, such that the acts and omissions of each defendant may be legally attributable to all others.

**<u>CLASS ALLEGATIONS</u>**

20. This action is brought individually and on behalf of the following class pursuant to Code of Civil Procedure section 382:

a. All current and former non-exempt employees who worked for Defendants in California at any time from four years prior to the filing of this action through date of class certification.

21. Plaintiff reserves the right to establish various subclass definitions as appropriate at the class certification stage, according to proof.

22. The class is ascertainable and shares a well-defined community of interest in this litigation:

a. <u>Numerosity</u>: The class is estimated to exceed 50 individuals, although the precise membership of the entire class is unknown at this time. The class is so numerous that joinder of all class members is impracticable. The identities of class members are ascertainable by inspection of Defendants' employment and payroll records.

b. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the other class members. They were subject to the same policies and practices of Defendants, which resulted in losses to the class. Proof of common unlawful business practices, which Plaintiff experienced, will establish the right of the class to recover on the causes of action alleged herein.

c. <u>Adequacy</u>: Plaintiff is an adequate class representative; will take all necessary steps to protect the class members' interests adequately and fairly; has no interest antagonistic to other class members; and is represented by attorneys who have substantial experience prosecuting, defending, resolving, and

litigating wage and hour class, collective, and representative actions in California state and federal courts.

d. Superiority: A class action is superior to other means for adjudicating this dispute. Individual joinder is impractical. Class treatment will allow for common issues to be resolved in a single forum, simultaneously, and without duplication of effort and expense.

e. Public Policy Considerations: Certification of this lawsuit as a class action advances the State of California's strong public interest in ensuring its approximately millions of employed residents are properly paid the wages they earned for the hours they worked. Class actions provide a mechanism for enforcement of labor laws and allow for vindication of employee rights by unnamed class members.

23. Common questions of law and fact as to the class members predominate over questions affecting only individual members. The common questions of law and fact exist as to whether the employment policies and practices formulated by Defendants and applied to the class members constitute violations of California law.

## GENERAL ALLEGATIONS

24. During the relevant statutory period, Plaintiff and the covered employees worked for Defendants as non-exempt employees and were compensated on an hourly basis.

25. Defendants failed to pay Plaintiff and the covered employees at the lawful minimum wage rate for all hours worked, resulting in unpaid minimum wages.

26. Specifically, Defendants engaged in an unlawful policy and practice of requiring Plaintiff and the covered employees to work off-the-clock without compensation. For example, Plaintiff recalls that Defendant required her to attend a mandatory eight-hour safety training on a Saturday, a day she was not otherwise scheduled to work. Plaintiff was explicitly prohibited from logging her time for this training and was forced to attend off-the-clock.

27. Consequently, Defendants failed to compensate Plaintiff for this mandatory safety training she was required to attend, instead paying her solely for the regular wages she earned during

that pay period. Upon information and belief, Defendant's unlawful practice of requiring off-the-clock work was common amongst the covered employees. As a direct result of this practice, Defendants failed to pay Plaintiff and the covered employees for all hours actually worked.

28. Defendants maintained an unlawful, company-wide policy and practice of making unauthorized deductions from the wages and earnings of Plaintiff and the covered employees.

29. Specifically, Defendants systematically deducted the cost of a "commuter charge tax" from employees' paychecks, even after rescinding their commuter designations and prohibiting them from using work vehicles for commuter purposes.

30. For example, Plaintiff was stripped of her commuter designation and work vehicle around January 5, 2026. Despite Plaintiff no longer possessing or using a work vehicle, Defendants continued to unlawfully deduct the commuter charge tax from Plaintiff's wages through her final day of employment. These unlawful deductions are reflected in Plaintiff's wage statements.

31. Plaintiff did not authorize Defendants to continue deducting these amounts from her pay after her commuter designation and vehicle were revoked. Although Plaintiff reported these improper deductions to Defendants on multiple occasions, Defendants consistently failed to address the ongoing issue or reimburse her for the unlawfully withheld wages. Upon information and belief, Defendants' unlawful practice of deducting wages without authorization or just cause was common among the covered employees.

32. Defendants failed to pay Plaintiff and the covered employees overtime wages and the lawful rate of pay for overtime hours worked, resulting in unpaid overtime wages.

33. Defendants regularly failed to compensate Plaintiff and the covered employees for time worked off-the-clock during mandatory training sessions off-the-clock. When Plaintiff and the covered employees worked more than eight hours per day or over forty hours in a single workweek as a result of these unrecorded hours, Defendants' unlawful practices resulted in unpaid overtime wages.

34. Furthermore, Defendants failed to pay Plaintiff and the covered employees overtime and double-time wages at the correct "regular rate of pay." Specifically, Defendants paid Plaintiff and the covered employees various forms of non-discretionary remuneration, including safety awards and "award spots," but systematically failed to incorporate these non-discretionary wages into the

employees' regular rate of pay for the purpose of calculating overtime and double-time premiums. In certain instances, Defendants unlawfully paid overtime hours at Plaintiff and the covered employees' straight hourly rate rather than the mandated statutory premium rate.

35. An illustrative example of this regular rate violation is reflected in Plaintiff's wage statement for the pay period of January 5, 2026, through January 11, 2026. During this period, Plaintiff worked 0.85 hours of overtime and concurrently earned a non-discretionary bonus of $165.99. However, Defendants unlawfully excluded this non-discretionary remuneration when calculating Plaintiff's overtime wages, instead paying her overtime premium based strictly on 1.5 times her base hourly rate of $37.27, rather than the lawfully required adjusted regular rate of pay.

36. Plaintiff alleges, upon information and belief, that Defendant's failure to calculate and pay overtime at the correct regular rate of pay was a systemic practice common to all covered employees. To the extent that other covered employees worked overtime while earning non-discretionary wages, Defendants routinely failed to properly calculate the regular rate of pay for their overtime wages throughout the statutory period.

37. Similarly, Defendants maintained an unlawful, company-wide policy and practice of failing to pay meal and rest period premium wages at the correct "regular rate of pay," as strictly required by California Labor Code section 226.7.

38. Defendants unlawfully excluded all earned non-discretionary wages from the calculation of the regular rate of pay for these premiums. As a direct result of this practice, to the extent Plaintiff and the covered employees received any meal or rest period premiums during pay periods in which they also earned non-discretionary pay, those premium wages were unlawfully underpaid.

39. Defendants failed to comply with California's paid sick leave laws with respect to Plaintiff and the covered employees.

40. Because Defendants systematically failed to record and compensate Plaintiff and the covered employees for all hours actually worked, Defendants failed to calculate and credit them with all paid sick leave hours that they had rightfully accrued.

41. Furthermore, each time Plaintiff and the covered employees worked unrecorded off-the-clock hours that resulted in unpaid overtime, Defendants failed to account for those actual overtime hours when calculating the employee's paid sick leave accrual. As a direct result of these unlawful timekeeping practices, Plaintiff and the covered employees were denied the total amount of accrued paid sick leave they were entitled to based on their actual hours worked.

42. These violations create derivative liability for failure to timely pay all wages owed each payday or upon separation of employment. Specifically, Defendants failed to timely and fully compensate Plaintiff for all wages owed upon her termination. This failure includes, but is not limited to, Defendants' failure to pay Plaintiff her final earned wages and their failure to reimburse her for the wages that were unlawfully deducted from her earnings throughout her employment. Consequently, Plaintiff was denied all wages due and owing at the time of her separation.

43. Defendants required Plaintiff and the covered employees to incur costs and losses for work-related purposes without providing full reimbursement. As a direct consequence of the discharge of their job duties, Plaintiff and the covered employees unavoidably and necessarily incurred these losses, expenditures, and costs as a matter of company policy and practice.

44. Defendants failed to reimburse Plaintiff for the "commuter charge taxes" that were systematically deducted from her wages without authorization, even after she were no longer designated as a commuter or utilizing work vehicles. Upon information and belief, this unlawful practice was common among all covered employees.

45. Consequently, Plaintiff and the covered employees were forced to bear these necessary business-related losses and expenditures out of pocket. To the extent Defendants provided any reimbursement to Plaintiff and the covered employees, those amounts were unlawfully underpaid. At all relevant times, Defendants were legally obligated to fully indemnify and reimburse Plaintiff and the covered employees for all necessary expenditures or losses incurred, in strict compliance with the mandates of California Labor Code sections 2800 and 2802.

46. Defendants maintained an unlawful policy and practice of failing to provide Plaintiff and the covered employees with accurate written notice of their available paid sick leave balances, in direct violation of California Labor Code section 246(i).

47. Specifically, Defendants consistently failed to list an updated, accurate balance of available paid sick leave or paid time off (PTO) on Plaintiff's and the covered employees' itemized wage statements each pay period. Furthermore, Defendants failed to provide this statutorily mandated information in any separate writing provided on the designated pay dates.

48. To the extent that Defendants' wage statements or other documents reflected any sick leave balances at all, those balances were fundamentally inaccurate and deflated. Because Defendants systematically failed to record and compensate employees for all hours actually worked, including unrecorded off-the-clock work and mandatory training, the corresponding sick leave accruals reflected on any documentation were mathematically incorrect. This systematic failure left Plaintiff and the covered employees confused and unable to easily or promptly determine the actual amount of paid sick leave they had available to use.

49. Defendants failed to provide accurate itemized wage statements to the covered employees each pay period. Defendants violated Labor Code section 226(a)(1) and (5) by not listing the correct "gross wages earned" or "net wages earned," as the employees earned wages and premiums that were not paid, resulting in an inaccurate reflection and recording of "gross wages earned" on those wage statements.

50. Likewise, in violation of Labor Code section 226(a)(9), Defendants failed to state on employee wage statements each pay period the applicable hourly rates in effect and the number of hours worked at that rate, as Defendants failed to pay all wages and premiums owed to employees. The amounts stated are instead understated and underpaid, resulting in an inaccurate reflection on the pay stub.

51. Plaintiff and other covered employees cannot promptly and easily determine from the wage statement alone the wages paid or earned without reference to other documents or information. Indeed, these wage statement violations are significant because they sow confusion among Plaintiff and other covered employees with respect to what amounts were owed and paid, at what rates, the number of hours worked, and how those amounts were or should be calculated. The wage statements reflect a false statement of earnings and concealed the underlying problems and underpayments of employee wages.

52. Because of the policies and practices set forth above, including the failure to accurately account for wages earned or hours worked, Defendants failed to accurately maintain records in accordance with Labor Code section 1174 and the IWC Wage Orders.

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY ALL WAGES OWED**

**Violation of Labor Code §§ 200, 218, 1194, 1194.2 and 1197**

**(All Claims Alleged by Plaintiff and Class Members Against All Defendants)**

53. All outside paragraphs of this Complaint are incorporated into this section.

54. This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 200, 218, 1182.12, 1194, 1194.2, 1197, 1197.1 and 1198 and the IWC Wage Orders (the "Hours and Days of Work" and "Minimum Wages" sections of the applicable orders), which require non-exempt employees be timely paid at least the state or local minimum wage (if higher) for each hour of work, and further provide a private right of action for an employer's failure to pay all minimum wages (plus liquidated damages). In addition to minimum wages, Labor Code § 200 states that "'wages' includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation."

55. Defendants willfully failed in their affirmative obligation to pay Plaintiff and class members at least the lawful minimum wage for each hour worked in violation of Labor Code sections 1182.12, 1194, 1194.2, 1197, 1197.1 and 1198 and the IWC Wage Orders (the "Hours and Days of Work" and "Minimum Wages" sections of the applicable orders), including payment at the lawful local and county minimum wage ordinances in effect. As a result, Defendants are liable for all associated damages, including liquidated damages for the minimum wage violations pursuant to Labor Code § 1194.2.

56. Defendants' unlawful acts and omissions deprived Plaintiff and class members of minimum, regular and overtime wages in amounts to be determined at trial. Plaintiff and class members are entitled to recover the full amount of the unpaid wages, plus liquidated damages in an amount equal to the wages unlawfully unpaid (and interest thereon), in addition to interest, attorneys'

fees, and costs to the extent permitted by law, including under Labor Code sections 1194 and 1194.2, 218.6 and any other applicable statutes.

**SECOND CAUSE OF ACTION**

**FAILURE TO PAY ALL OVERTIME WAGES**

**Violation of Labor Code §§ 510 and 1194**

57. All outside paragraphs of this Complaint are incorporated into this section.

58. This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 204, 510, 558, 1194, and 1198, which require non-exempt employees be timely paid overtime wages all overtime hours worked, and which further provide a private right of action for an employer's failure to pay all overtime compensation for overtime hours worked.

59. Defendants failed in their affirmative obligation to pay Plaintiff and class members no less than one and one-half times their respective "regular rate of pay" for all hours worked in excess of eight hours in one day, 40 hours in one week, or the first eight hours worked on the seventh day of work in any one workweek, and no less than twice their respective "regular rate of pay" for all hours over 12 hours in one day and any work in excess of eight hours on any seventh day of a workweek for such hours worked, in violation of Labor Code sections 204, 510, 558, 1194, and 1198 and the IWC Wage Orders (the "Hours and Days of Work" sections of the applicable orders).

60. Plaintiff and class members are entitled to recover the full amount of the unpaid overtime, in addition to interest, statutory and civil penalties, and attorneys' fees, and costs to the extent permitted by law.

**THIRD CAUSE OF ACTION**

**FAILURE TO PAY ALL PAID SICK LEAVE WAGES**

**Violation of Labor Code §§ 200, 218, 246 *et seq.***

61. All outside paragraphs of this Complaint are incorporated into this section.

62. Defendants knowingly and intentionally failed in their affirmative obligation to pay sick leave wages to Plaintiff and a paid sick leave subclass in violation of Labor Code section 246 *et seq*. Paid sick leave earnings constitute wages for purposes of California wage and hour law. (*Murphy v. Kenneth Cole Productions, Inc.* (2007) 40 Cal.4th 1094, 1103 ["Courts have recognized

that 'wages' also include those benefits to which an employee is entitled as a part of his or her compensation, including money, room, board, clothing, vacation pay, and sick pay"].)

63. Labor Code section 246(l), in conjunction with Labor Code section 248 *et seq.*, 248.1, 248.2, and 248.6, in addition to the applicable County sick pay ordinances in locales worked by class members, govern how Defendants were required to calculate paid sick leave.

64. Labor Code section 246(i) requires employers to provide employees with "written notice that sets out the amount of paid sick leave available, or paid time off leave an employer provides in lieu of sick leave, for use on either the employee's itemized wage statement described in Section 226 or in a separate writing provided on the designated pay date with the employee's payment of wages."

65. Defendants failed to provide written notice of paid sick leave available to Plaintiff and class members.

66. Defendants failed to properly calculate, accrue, and pay Plaintiff and the class members their paid sick leave wages as required by statute. By failing to record and compensate employees for all hours actually worked, Defendants systematically failed to credit Plaintiff and the class members with the full amount of paid sick leave hours they had rightfully accrued. Consequently, Plaintiff and the class members were denied the total accrued paid sick leave to which they were entitled based on their actual hours worked, resulting in underpaid or unlawfully denied sick leave.

67. Defendants failed to pay Plaintiff and class members their paid sick leave wages at one of the lawful rates set forth in the statute or ordinance because Defendants failed to include in their sick leave calculation the additional remuneration received by Plaintiff and class members (i.e., at the regular rate of pay and/or calculated based on total wages earned).

68. As a result, Defendants violated the Labor Code and are liable to Plaintiff and class members for underpaid sick leave wages and injunctive relief, in addition to interest, attorneys' fees, and costs.

///

///

///

**FOURTH CAUSE OF ACTION**

**UNTIMELY PAYMENT OF WAGES**

**Violation of Labor Code §§ 204, 210, 218**

69. All outside paragraphs of this Complaint are incorporated into this section.

70. This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 204, 204b, and 210 which require non-exempt employees be timely paid all wages owed each pay period, and which further provide a private right of action for an employer's failure to comply with this obligation. Labor Code § 218 authorizes individuals to sue directly for wages and penalties due under these sections, including Labor Code § 210(c)'s statutory late payment penalties.

71. Defendants willfully failed in their affirmative obligation to timely pay all wages, including paid sick leave and meal and rest premiums, earned by Plaintiff and class members twice during each calendar month on days designated in advance by the employer as regular paydays (for employees paid on a non-weekly basis) and on the regularly-scheduled weekly payday for weekly employees, if any, in violation of Labor Code sections 204 and 204b and the IWC Wage Orders (the "Minimum Wages" sections of the applicable orders).

72. Plaintiff and class members are entitled to recover the full amount of the unpaid wages, in addition to a statutory penalty in the amount of $100 for the initial violation for each failure to pay each employee and $200 for all subsequent violations and for all willful or intentional violations for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld under provided in Labor Code § 210, in addition to interest, attorneys' fees, and costs to the extent permitted by law.

**FIFTH CAUSE OF ACTION**

**WAGE STATEMENT VIOLATIONS**

**Violation of Labor Code § 226**

73. All outside paragraphs of this Complaint are incorporated into this section.

74. This cause of action is brought by a wage statement subclass pursuant to Labor Code § 226(a) which requires non-exempt employees be provided accurate itemized wage statements each pay period, and which further provide a private right of action for an employer's failure to comply with this obligation.

75. Defendants knowingly and intentionally failed in their affirmative obligation to provide accurate itemized wage statements to Plaintiff and class members resulting in injury to Plaintiff and class members. Specifically, the wage statements issued to Plaintiff and class members did not accurately state each pay period all of the information required by Labor Code § 226(a)(1)-(9).

76. Defendants' unlawful acts and omissions deprived Plaintiff and class members of accurate itemized wage statements, causing confusion and concealing wage and premium underpayments.

77. As a result, Plaintiff and class members are entitled to recover the statutory penalty of $50 per employee for the initial pay period in which a violation occurred and $100 per employee for each violation in a subsequent pay period, up to an aggregate penalty of $4,000 per employee, in addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Labor Code section 226(e).

**SIXTH CAUSE OF ACTION**

**WAITING TIME PENALTIES**

**Violation of Labor Code §§ 201 *et seq*.**

78. All outside paragraphs of this Complaint are incorporated into this section.

79. This cause of action is brought by a waiting time subclass pursuant to Labor Code §§ 201 through 203, which require an employer to timely pay all wages earned upon termination of employment, and which further provide a private right of action to recover statutory waiting time penalties each day an employer fails to comply with this obligation, up to a maximum of 30 days wages.

80. Defendants willfully failed and continue to fail in their affirmative obligation to pay all wages earned and unpaid to Plaintiff and class members immediately upon termination of employment or within 72 hours thereafter for employees who did not provide at least 72 hours prior notice of his or her intention to quit, and further failed to pay those sums for 30 days thereafter in violation of Labor Code sections 201 through 203 and the IWC Wage Orders.

81. Plaintiff and class members are entitled to recover a waiting time penalty for a period of up to 30 days, in addition to interest, attorneys' fees, and costs to the extent permitted by law.

**SEVENTH CAUSE OF ACTION**

**FAILURE TO REIMBURSE BUSINESS EXPENSES**

**Violation of Labor Code § 2802**

82. All outside paragraphs of this Complaint are incorporated into this section.

83. Defendants willfully failed in their affirmative obligation to reimburse Plaintiff and a reimbursement subclass for all necessary expenditures, losses, expenses, and costs incurred by them in direct discharge of the duties of their employment, in violation of Labor Code section 2802.

84. Defendants' unlawful acts and omissions deprived Plaintiff and class members of lawful reimbursements for business expenses in amounts to be determined at trial. Plaintiff and class members are entitled to recover the amount unreimbursed expenses of Plaintiff and class members in addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Labor Code section 2802.

**EIGHTH CAUSE OF ACTION**

**UNFAIR COMPETITION**

**Violation of Business and Professions Code §§ 17200 *et seq.***

85. All outside paragraphs of this Complaint are incorporated into this section.

86. Defendants have engaged and continue to engage in unfair and/or unlawful business practices in the State of California in violation of California Business and Professions Code § 17200 by committing the foregoing wage and hour violations alleged throughout this Complaint.

87. Defendants' dependence on these unfair and/or unlawful business practices deprived Plaintiff and continue to deprive other class members of compensation to which they are legally entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage to Defendants over competitors who have been and/or are currently employing workers in compliance with California's wage and hour laws. These failures constitute unlawful, deceptive, and unfair business acts and practices in violation of Business and Professions Code section 17200 *et seq.*

88. Plaintiff is a victim of Defendants' unfair and/or unlawful conduct alleged in this Complaint, and Plaintiff, as an individual and on behalf of others similarly situated, seeks full restitution of the moneys as necessary and according to proof to restore all monies withheld, acquired,

and/or converted by Defendants pursuant to Business and Professions Code §§ 17203 and 17208.

89. Plaintiff does not have an adequate remedy at law for past or future violations, to the extent the statute of limitations on each of the alleged causes of action do not extend to the four year limitation provided under the UCL or to the extent the underlying Labor Code and IWC Wage Order violations do not provide a private right of action.

90. Plaintiff and class members are entitled to injunctive relief against Defendants, restitution, and other equitable relief to return all funds over which Plaintiff and class members have an ownership interest and to prevent future damage and the public interest under Business and Professions Code § 17200 *et seq.* Plaintiff and class members are further entitled to recover interest, attorneys' fees, and costs to the extent permitted by law, including under Code of Civil Procedure § 1021.5.

## **NINTH CAUSE OF ACTION**

### **UNLAWFUL WAGE DEDUCTIONS**

Violation of Labor Code §§ 221 through 225

91. All outside paragraphs of this Complaint are incorporated into this section.

92. Labor Code section 221 renders it "unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."

93. Labor Code section 222 renders it illegal to unlawfully withhold any part of wages agreed upon from the employee.

94. Labor Code section 223 states "[w]here any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract."

95. Furthermore, Labor Code section 224 strictly prohibits employers from deducting any amount from an employee's wages unless explicitly authorized in writing by the employee or expressly required by state or federal law.

96. As described above, Defendants maintained an unlawful policy and practice of deducting wages and earnings from Plaintiff and other class members without authorization or just cause. Plaintiff and the class members did not authorize Defendants in writing or otherwise to continue

making these deductions from their pay.

97. As a direct result of Defendants' unlawful policy and practice of secretly withholding, collecting, and deducting these unauthorized amounts from employees' paychecks, Defendants violated Labor Code sections 221 through 224. Consequently, Defendants are liable to Plaintiff and the class members for all wrongfully deducted wages, in addition to interest, reasonable attorneys' fees, and costs of suit.

**TENTH CAUSE OF ACTION**

**MEAL PERIOD VIOLATIONS**

**Violation of Labor Code §§ 226.7 and 512**

98. All outside paragraphs of this Complaint are incorporated into this section.

99. This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 226.7, 558 and 512, which require non-exempt employees be provided complaint meal periods (or meal period premiums in lieu thereof), and which further provide a private right of action for an employer's failure to lawfully provide all meal periods and/or pay meal period premiums at the lawful regular rate of compensation.

100. Defendants willfully failed in their affirmative obligation to consistently pay Plaintiff and class members one additional hour of pay at the respective regular rate of compensation for each workday that a fully compliant meal period was not provided, in violation of Labor Code sections 226.7, 512, 558, and 1198 and the IWC Wage Orders (the "Meal Periods" sections of the applicable orders).

101. Plaintiff and class members are entitled to recover the full amount of the meal period premiums owed, in addition to interest, statutory and civil penalties, and attorneys' fees, and costs to the extent permitted by law. law.

**ELEVENTH CAUSE OF ACTION**

**REST PERIOD VIOLATIONS**

**Violation of Labor Code §§ 226.7 and 516**

102. All outside paragraphs of this Complaint are incorporated into this section.

103. This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§

226.7 and 516, which require non-exempt employees be authorized to take complaint rest periods (or rest period premiums in lieu thereof), and which further provide a private right of action for an employer's failure to lawfully provide all rest periods and/or pay rest period premiums at the lawful regular rate of compensation.

104. Defendants willfully failed in their affirmative obligation to consistently pay Plaintiff and class members one additional hour of pay at the respective regular rate of compensation for each workday that a fully compliant rest period was not provided, in violation of Labor Code sections 226.7, 516, 558, and 1198 and the IWC Wage Orders.

105. Plaintiff and class members are entitled to recover the full amount of the rest period premiums owed, in addition to interest, statutory and civil penalties, and attorneys' fees, and costs to the extent permitted by law.

**<u>TWELFTH CAUSE OF ACTION</u>**

**SICK PAY VIOLATIONS**

**Violation of Labor Code §§246, 246.5, 247, 247.5, 248.6 and 248.7**

106. All outside paragraphs of this Complaint are incorporated into this section.

107. Labor Code section 246 requires employers to provide paid sick leave to its workforce on the terms set forth in the statute. Employers must comply with the accrual, use, and notice provisions of Labor Code sections 246, 246.5, 247, and must further ensure that they maintain the paid sick leave records required by Labor Code section 247.5. Employers have the option of providing 40 hours of paid sick leave to employees or to allow employees to accrue paid sick leave each pay period. If an employer chooses the accrual method, employees must accrue sick leave at a rate of one hour for every thirty hours worked in a given pay period as set forth in Labor Code section 246(b)(1). Under the accrual method, employees must begin accruing paid sick leave at the commencement of employment. Employers must pay sick leave in accordance with one of the three permissible methods provided in Labor Code section 246(l): (1) "the same manner as the regular rate of pay for the workweek;" (2) "by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days;" or (3) "for exempt employee … in the same manner as the employer calculates wages for other forms of paid leave time."

Labor Code sections 248.6 and 248.7 similarly require paid sick leave to be paid at a regular rate-based calculation in excess of the base hourly rate and at the lawful accrual rate.

108. California Labor Code section 246(i) requires employers to provide employees with written notice that sets forth the amount of paid sick leave available, or paid time off leave an employer provides in lieu of sick leave, on either the employee's itemized wage statement described in Labor Code section 226 or in a separate writing provided on the designated pay date with the employee's payment of wages.

109. Defendants systematically failed to comply with their affirmative obligation to provide Plaintiff and the class members with accurate written notice of their available paid sick leave balances each pay period. Specifically, Defendants failed to list the updated, available paid sick leave balances on Plaintiff's and the class members' itemized wage statements, nor did Defendants provide this mandated information in a separate concurrent writing on the designated pay dates.

110. Furthermore, to the extent Defendants provided any accounting of sick leave, those balances were fundamentally inaccurate because Defendants systematically failed to record and compensate employees for all hours actually worked, including unrecorded off-the-clock work, which in turn unlawfully suppressed the employees' sick leave accrual rates.

111. To the extent Defendants paid sick time as PTO or in some other form, such payments were not paid at the required regular rate of pay taking into all required forms of remuneration such as the non-discretionary bonuses discussed above for overtime pay.

112. Defendants' failure to provide the mandatory written notice of accurate, available leave balances sowed confusion and left Plaintiff and the class members unable to easily determine the amount of paid sick time they had available to use.

113. As a direct result of Defendants' unlawful policy and practice in violation of the Labor Code, Plaintiff and the class members have been injured and are entitled to recover all applicable statutory penalties, unpaid sick pay, injunctive relief, and reasonable attorneys' fees and costs of suit.

///

///

///

**PRAYER**

Plaintiff prays for judgment as follows:

a. For certification of this action as a class action;

b. For appointment of Plaintiff as the class representative;

c. For appointment of above-captioned counsel for Plaintiff as Class Counsel;

d. For division of class members into appropriate classes and/or subclasses according to proof;

e. For recovery of all statutory penalties and liquidated damages;

f. For disgorgement of all amounts wrongfully obtained to the extent permitted by law;

g. For restitution and injunctive relief;

h. For attorneys' fees and costs of suit, including expert fees, to the extent permitted by law, including (without limitation) under Labor Code §§ 218.5, 226, 1194, 2802 and Code of Civil Procedure § 1021.5.;

i. For recovery of damages in amount according to proof;

j. For all recoverable pre- and post-judgment interest;

k. For such other relief the Court deems just and proper.

Dated: June 29, 2026

***Ferraro Vega Employment Lawyers, Inc.***

Andrew T. Katseanes
Rick A. Waltman
*Attorneys for Plaintiff Shayna Hill*