# EXHIBIT 9

Dick A. Semerdjian (SBN 123630)
Courtney M. Chamberlin (SBN 339599)
**SCHWARTZ SEMERDJIAN CAULEY SCHENA & BUSH LLP**
101 West Broadway, Suite 810
San Diego, CA 92101
Telephone No. 619.236.8821
Facsimile No. 619.236.8827
Email: das@sscelaw.com
courtney@sscelaw.com

Attorneys for Defendants
MARTIN MARIETTA MATERIALS, INC.

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
10/1/2026 2:39:42 PM
Clerk of the Superior Court
By H. Tran ,Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN DIEGO**

SHAYNA HILL, on behalf of others similarly situated and the State of California under the Private Attorneys General Act ,

Plaintiff,

vs.

MARTIN MARIETTA MATERIALS, INC. and DOES 1 through 50, inclusive,

Defendants.

Case No. 26CU045923C

**NOTICE OF REMOVAL OF CASE TO U.S. DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA BY DEFENDANT MARTIN MARIETTA MATERIALS, INC.**

Judge: Hon. Wendy M. Behan
Dept.: C-66

Complaint Filed: August 27, 2026
Trial Date: Not Yet Set

Defendant MARTIN MARIETTA MATERIALS, INC., ("Defendant") has filed a Notice of Removal in the United States District Court for the Southern District of California. A copy of that Notice of Removal is attached as **Exhibit 1**. All parties have been given notice of removal. Under 28 U.S.C. § 1446, this Notice "shall effect the removal and the State court shall proceed no further unless and until the case is remanded."

Dated: October 1, 2026

**SCHWARTZ SEMERDJIAN CAULEY SCHENA & BUSH LLP**

By: ______________________________

Dick A. Semerdjian
Courtney M. Chamberlin
Attorneys for Defendants
MARTIN MARIETTA MATERIALS, INC.

# EXHIBIT 1

Outlook

[External] Activity in Case 3:26-cv-05633-DMS-DEB Hill v. Martin Marietta Materials, Inc. et al Notice of Removal

**From** efile_information@casd.uscourts.gov <efile_information@casd.uscourts.gov>
**Date** Thu 10/1/2026 12:26 PM
**To** efile_information@casd.uscourts.gov <efile_information@casd.uscourts.gov>

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
*****NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**Southern District of California**

## Notice of Electronic Filing

The following transaction was entered on 10/1/2026 at 12:25 PM PDT and filed on 10/1/2026

| | |
|---|---|
| **Case Name:** | Hill v. Martin Marietta Materials, Inc. et al |
| **Case Number:** | 3:26-cv-05633-DMS-DEB |
| **Filer:** | Martin Marietta Materials, Inc. |
| **Document Number:** | No document attached |

**Docket Text:**
**NOTICE OF REMOVAL ( Filing fee $ 405 receipt number ACASDC-21705544.), filed by Martin Marietta Materials, Inc..**

**The new case number is 3:26-cv-5633-DMS-DEB. Judge Dana M. Sabraw and Magistrate Judge Daniel E. Butcher are assigned to the case.(wxa)**

**3:26-cv-05633-DMS-DEB Notice has been electronically mailed to:**

Dickran A. Semerdjian das@sscelaw.com, jmartin@sscelaw.com

Nicholas J. Ferraro nick@ferrarovega.com, desk-njf@ferrarovega.com, pacer@ferrarovega.com

Rick A. Waltman rick@ferrarovega.com, edith@ferrarovega.com, raquel@ferrarovega.com

Lauren Nicole Vega lauren@ferrarovega.com

Courtney Chamberlin courtney@sscelaw.com

Andrew T. Katseanes andrew@ferrarovega.com, edith@ferrarovega.com

**3:26-cv-05633-DMS-DEB Notice has been delivered by other means to:**

**SCHWARTZ SEMERDJIAN CAULEY SCHENA & BUSH LLP**
Dick A. Semerdjian (SBN 123630)
Courtney M. Chamberlin (SBN 339599)
101 West Broadway, Suite 810
San Diego, CA 92101
Telephone No. 619.236.8821
Facsimile No. 619.236.8827
Email: das@sscelaw.com
courtney@sscelaw.com

**CARRINGTON, COLEMAN, SLOWMAN & BLUMENTHAL, L.L.P.**
Parker Graham (Texas Bar No. 24087612) (Pro Hac Vice to be filed)
Tayler Gray (Texas Bar No. 24131254) (Pro Hac Vice to be filed)
2200 Ross Ave, Suite 1800
Dallas, Texas 75201
Telephone: 214-855-3000
Facsimile: 214-580-264
Email: pgraham@ccsb.com
tgray@ccsb.com

Attorneys for Defendant
MARTIN MARIETTA MATERIALS, INC

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHAYNA HILL, on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MARTIN MARIETTA MATERIALS, INC.; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION AND NOTICE OF RELATED CASE**<br><br>**(FEDERAL QUESTION)** |

# TABLE OF CONTENTS


I. CITIZENSHIP OF THE PARTIES ... 3

II. FACTUAL BACKGROUND ... 3

III. BASIS FOR REMOVAL ... 4

A. This Court has jurisdiction under the LMRA. ... 4

i. Plaintiff seeks to represent union employees. ... 5

ii. Union employees' overtime claims are preempted. ... 6

iii. Union employees' meal period claims are preempted. ... 7

iv. Union employees' untimely payment of wages claims are preempted. ... 8

B. This Court has supplemental jurisdiction over the remaining claims. ... 10

C. Venue is proper and the notice is timely. ... 10

III. REQUIRED ATTACHMENTS ... 11

IV. NOTICE OF RELATED CASE ... 12

V. CONCLUSION ... 12

Under 28 U.S.C. § 1331 (federal question jurisdiction), Defendant Martin Marietta Materials, Inc. removes this case from the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California, San Diego Division and respectfully shows:

## I. CITIZENSHIP OF THE PARTIES

1. Plaintiff Shayna Hill ("Plaintiff") is domiciled in San Diego, California, which is her permanent home where she intends to remain. Therefore, Plaintiff is a citizen of California.

2. Martin Marietta Materials, Inc. ("Martin Marietta") is a North Carolina Corporation with its principal place of business in Raleigh, North Carolina. Therefore, Martin Marietta is a citizen of North Carolina. 28 U.S.C. § 1332(c).

3. Plaintiff has neither served nor identified John Does 1-50. Therefore, their citizenship status "shall be disregarded." 28 U.S.C. § 1441(b)(1).

## II. FACTUAL BACKGROUND

4. From 2001 to 2026, Plaintiff worked for Martin Marietta, or a prior company that Martin Marietta acquired.

5. In June 2026, Plaintiff filed a putative class action against Martin Marietta in the Superior Court of California, San Diego County, as Case No. 26CU035198C (the "Complaint"). (Declaration of Dick A. Semerdjian ("Semerdjian Decl.") ¶ 2, Ex. A.). Martin Marietta removed that case to this Court on the basis of federal question, diversity jurisdiction, and supplemental jurisdiction.

6. Then, in August 2026, Plaintiff filed a second, separate lawsuit against Martin Marietta in the Superior Court of California, San Diego County, as Case No. 26CU045923C (the "Complaint"). (Declaration of Dick A. Semerdjian ("Semerdjian Decl.") ¶ 2, Ex. A.), alleging near identical claims against Martin Marietta, but styled as a PAGA claim as opposed to a class action.

7. In this second Complaint, Plaintiff asserts a laundry list of violations styled as a single PAGA claim. Essentially, her claims boil down to the following: (1) failure to pay all wages owed; (2) failure to pay overtime wages; (3) failure to pay all paid sick leave wages; (4) untimely payment of wages; (5) wage statement violations; (6) waiting time penalties; (7) failure to reimburse business expenses; (8) unfair competition; (9) unlawful wage deductions; (10) meal period violations; (11) rest period violations; and (12) sick pay violations.

8. On September 2, 2026 Plaintiff served her Complaint on Martin Marietta.

9. Martin Marietta answered in state court.

10. Through this notice, Martin Marietta timely removes this case from state court to this Court.

## III. BASIS FOR REMOVAL

11. This Court has federal question jurisdiction under Section 301 of the Labor Management Relations Act of 1947 ("LMRA").

### A. This Court has jurisdiction under the LMRA.

12. Plaintiff's claims arise out of and require interpretation of a Collective Bargaining Agreement ("CBA"), and thus are completely preempted by federal law under the LMRA.

13. Section 301 of the LMRA provides that: "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in a district court for the United States having jurisdiction of the parties without regard to the amount in controversy or without regard to the citizenship of the parties." *Firestone v. S. Cal. Gas., Co.*, 219 F.3d 1063, 1065 (9th Cir. 2000).

14. Section 301 provides a basis for federal question jurisdiction. *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 411 (1988). To ensure uniform

interpretation, federal common law preempts the use of state law in collective bargaining agreement interpretation and enforcement. *Id.*; *Local 174, Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 103–04 (1962); *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019) ("[F]ederal preemption under § 301 is an essential component of federal labor policy[.]") (citation omitted).

15. Courts use a two-step inquiry to determine if LMRA Section 301 preempts a claim. First, if the "asserted cause of action involves a right [that] exists solely as a result of the CBA," then "the claim is preempted and [the] analysis ends there." *Id*. (alteration in original) (internal citations and quotations omitted). Second, if the "state law right is substantially dependent on analysis" of the CBA, then the claim is preempted. *Id.* at 1153.[1]

16. A PAGA claim based on preempted state law claims is preempted under the LMRA. *Colbourne v. Sysco San Diego, Inc.*, No. 3:25-CV-2493-RBM-BJW, 2026 WL 2621218, at *4 (S.D. Cal. Sept. 4, 2026) (holding that PAGA claims based on overtime and meal period violations were preempted by LMRA; denying remand).

**i. *Plaintiff seeks to represent union employees.***

17. Although Plaintiff does not have a CBA, her Complaint omits that CBAs govern a substantial subset of her requested class members. And even if the plaintiff is not a union member (as is the case here), Section 301 preemption applies if the plaintiff seeks to represent other allegedly aggrieved employees who are subject to a qualifying CBA. *Shwiyhat v. Martin Marietta Materials, Inc.*, No. 3:23-CV-00283-JSC, 2023 WL 6626129, at *3 (N.D. Cal. Oct. 10, 2023); *Braswell*, 2022 WL 707206, at *4 (plaintiff's PAGA claims preempted where named plaintiff not subject to CBA but has filed suit on behalf of employees covered by a CBA);

[1] At all relevant times alleged in the Complaint, Defendant has been, and is, a company engaged in commerce and in an industry affecting commerce within the meaning of Sections 2(2), 2(6), and 2(7) of the NLRA and Section 301(a) of the LMRA, 29 U.S.C. §§ 152(2), (6), (7) and 185(a).

*Rodriguez*, 2022 WL 18012518, at *4 ("Even if a plaintiff is not a party to the CBA, courts must still interpret the CBA to determine whether a violation occurred as to the aggrieved employees.") (alteration in original) (internal citations and quotations omitted); *but see Stoddart v. Heavy Metal Iron, Inc.*, No. 2:22-cv-01532-DAD-DB, 2023 WL 2524313 (E.D. Cal. Mar. 15, 2023).

18. A plaintiff may not "artfully plead" his complaint to conceal the true nature of the complaint. *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987) (holding that plaintiff's state law claim was preempted even though the operative complaint made no mention of a CBA). Thus, the fact that Plaintiff has not referenced the CBAs or Section 301 in her Complaint does not preclude removal. *See Milne Emps. Ass'n v. Sun Carriers, Inc.*, 960 F.2d 1401, 1406 (9th Cir. 1991); *Schroeder v. Trans World Airlines, Inc.*, 702 F.2d 189, 191 (9th Cir. 1983), overruled in part on other grounds in *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241 (9th Cir. 2009). The Court may properly look beyond the face of the Complaint to determine whether Section 301 preempts asserted claims. *See Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003). Additionally, the Court may properly look to the facts stated in the Notice of Removal "to clarify the action a plaintiff presents and to determine if it encompasses an action with federal jurisdiction[.]" *Schroeder*, 702 F.2d at 191.

**ii. *<u>Union employees' overtime claims are preempted.</u>***

19. Plaintiff claims that Martin Marietta's California employees were not properly paid for overtime hours. However, Labor Code § 514 provides that the California overtime rules (Labor Code § 510) "do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular

hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage."

20. Here, CBAs applicable to Martin Marietta's employees meet the Labor Code § 514 requirements. Specifically, each CBA provides for (1) wages, (2) hours of work, (3) working conditions, (4) premium wage rates for all overtime hours worked, and (5) regular hourly rates of not less than 30 percent more than the state minimum wage.

21. Plaintiff's overtime-related claims connected to allegedly aggrieved employees under the above CBAs are, therefore, preempted because those employees do not have a right to overtime compensation other than pursuant to the applicable CBAs, creating federal subject matter jurisdiction. *Curtis*, 913 F.3d at 1155 (employee's overtime claim was controlled by a qualifying CBA and therefore preempted by Section 301 of the LMRA); *Rodriguez*, 2022 WL 18012518 at *3 (PAGA-overtime related claims preempted where Section 514 met).

**iii. *Union employees' meal period claims are preempted.***

22. Plaintiff's meal-related claims are likewise preempted. Plaintiff claims that Martin Marietta maintained a company-wide policy and practice "of failing to pay meal and rest period premium wages at the correct regular rate of pay," in violation of Labor Code section 226.7. Compl., ¶ 34, 35.

23. Labor Code section 226.7 provides a default rule for off-duty meal periods along with penalty wages if employers fail to provide those meal periods. But these rights do "not apply to an employee who is exempt from meal . . . period requirements pursuant to other state laws[.]" Under Labor Code Section 512(e) and (f), California's meal periods do not apply to employees in a construction occupation if covered by a qualifying CBA that "expressly provides for the wages, hours of work, and working conditions of employees, and expressly provides for meal periods for those employees, final and binding arbitration of disputes

concerning application of its meal period provisions, premium wage rates for all overtime hours worked, and a regular hourly rate of pay of not less than 30 percent more than the state minimum wage rate." Accordingly, where an employee is exempt under Section 512(e), she is likewise exempt under Section 226.7, and any claims under Section 226.7 are preempted by the LMRA. *Chatman v. WeDriveU, Inc.*, No. 3:22-CV-04849-WHO, 2022 WL 15654244, at *11 (N.D. Cal. Oct. 28, 2022).

24. Martin Marietta's quarry employees subject to CBAs are exempt under Section 512. Martin Marietta's quarry employees (the majority of its California employees) are construction employees. *Shwiyat v. Martin Marietta Materials, Inc.*, No. 3:23-CV-00283-JSC, 2023 WL 8811809, at *9 (N.D. Cal. Dec. 20, 2023) (holding that Martin Marietta's quarry employees are construction employees and, therefore, exempt from the Labor Code's meal period requirements).

25. And many of these quarry employees are subject to CBAs which expressly provides for (1) wages; (2) hours of work; (3) working conditions of employees; (4) premium wage rates for all overtime hours worked; (5) a regular rate of pay not less than 30 percent more than the state minimum wage rate; (6) meal periods for the employees; and (7) final and binding arbitration of disputes concerning application of its meal periods.

26. Therefore, to the extent Plaintiff seeks to bring meal period claims on behalf of Martin Marietta's quarry employees subject to CBAs, those claims are preempted by the LMRA. *Shwiyhat*, 2023 WL 8811809 at *9 (analyzing identical issue and holding that meal period claims brought on behalf of Martin Marietta's union quarry employees were preempted by LMRA).

**iv. *Union employees' untimely payment of wages claims are preempted.***

27. Plaintiff also purports to bring a PAGA claim for untimely payment of wages during employment on behalf of union employees. Labor Code § 204(a)

establishes the statutory requirements for the timely payment of wages and provides the default requirement that employees must be paid "twice during each calendar month, on days designated in advance by the employer as the regular paydays." However, Labor Code §204(c) provides that "when employees are covered by a collective bargaining agreement that provides different pay arrangements, those arrangements shall apply to the covered employees." Given this exemption, courtsin the Ninth Circuit have concluded that "where a CBA provides for a different pay arrangement from that which exists under state law, a covered employee's right to timely payment 'exists solely as a result of the CBA.'" *Landy v. Pettigrew Crewing, Inc.*, 2019 WL 6245525at *4 (C.D. Cal. Nov. 22, 2019) (quoting *Curtis*, 913 F.3d at 1154).

28. Here, the CBAs applicable to Martin Marietta's California employees provide for a different pay arrangement from that which exists under Section 204. Specifically, the applicable CBAs provide that wages are to be "paid weekly." Therefore, the Section 204 (c) exemption applies to Plaintiff's PAGA claim for violations of Section 204's pay timing requirements. *See Corlew v. Superior Duct Fabrication, Inc.*, 2022 WL 17834201, *7-8 (C.D. Cal. June 30, 2022) (holding that the Section 204 exemption applied where a CBA provided for the weekly payment of wages because the CBA "deviate[d] from the default semimonthly arrangement in California Labor Code § 204(a)—even if it is consistent with the 'satisfaction' arrangements in California Labor Code § 204(d)."); *see also Ariola v. Raytheon CA Technologies*, 2023 WL 5764296, at *9 (C.D. Cal. Sep. 6, 2023) (finding that a bi-weekly pay model in a CBA was different from the semimonthly default scheme and thus the exemption applied to the plaintiff's § 204 claims); *see also Rodriguez v. USF Reddaway Inc.*, 2022 WL 18012518, *5 (E.D. Cal. Dec. 30, 2022) (same).

29. Because Plaintiff's PAGA claim for untimely wage payments exists solely as a result of the CBA, it is preempted under the first step of the *Burnside*

test. *See Colbourne*, 2926 WL 2621218 at *6 (S.D. Cal. Sep. 4, 2026); *see also Bradford v. Professional Technical Security Services Inc.*, 2020 WL 2747767 (N.D. Cal. May 27, 2020) ("Because the CBA here meets the statutory exemption requirements provided in section 204(c), Bradford's PAGA claim for violation of section 204 is preempted under the first step of the *Burnside* test.").

30. For all of the foregoing reasons, Plaintiff's Complaint falls within the preemptive scope of Section 301 of the LMRA and removal is proper on the basis of federal question jurisdiction.

**B. This Court has supplemental jurisdiction over the remaining claims.**

31. To the extent there are remaining claims for relief that do not arise under Section 301 or are not completely preempted by Section 301, these claims are within the supplemental jurisdiction of this Court under 28 U.S.C. § 1367(a) in that they are so related to the Section 301 claims that they form part of the same case or controversy under Article III of the United States Constitution. *See Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 714 (9th Cir. 1990); *see also Van Bebber v. Dignity Health*, 1:19-CV-00264-DAD-EPG, 2019 WL 4127204, at *9 (E.D. Cal. Aug. 30, 2019) (exercising supplemental jurisdiction over a plaintiff's remaining causes of action because they arose out of the same employment relationship as single preempted claim). Considerations of convenience, judicial economy, and fairness to the litigants strongly favor this Court exercising jurisdiction over all claims in the Complaint as well. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 725-26 (1966). Accordingly, Martin Marietta is entitled to remove all of Plaintiff's claims to this Court.

**C. Venue is proper and the notice is timely.**

32. The proper venue for removed cases is the division embracing the county where the state court case was pending. 28 U.S.C. § 1441(a); 28 U.S.C. §

1446(a). The state-court action was pending in San Diego County, within the San Diego Division of the Southern District of California.

33. Defendant timely filed this notice within 30 days of receiving the Complaint through formal service. 28 U.S.C. § 1446(b)(1).

34. Defendant will file notice of removal in the state court action, “which shall effect the removal.” 28 U.S.C § 1446(d).

## III. REQUIRED ATTACHMENTS

35. Pursuant to 28 U.S.C. § 1446(a), Exhibits 1-8, constitute all “process, pleadings, and orders served upon such defendant” to date.

36. Attached as **Exhibit 1** is a true and correct copy of Plaintiff’s Complaint.

37. Attached hereto as **Exhibit 2** is a true copy of Plaintiff Shayna Hill’s Civil Case Cover Sheet filed on August 27, 2026.

38. Attached hereto as **Exhibit 3** is a true copy of Plaintiff Shayna Hill’s Summons filed on August 27, 2026.

39. Attached hereto as **Exhibit 4** is a true copy of the San Diego County Superior Court, Notice of Case Assignment, filed on August 28, 2026.

40. Attached hereto as **Exhibit 5** is a true copy of the San Diego County Superior Court’s Notice to Litigants filed on August 28, 2026.

41. Attached hereto as **Exhibit 6** is a true copy of the San Diego County Superior Court’s Stipulation to Alternative Dispute Resolution Process filed on August 28, 2026.

42. Attached hereto as **Exhibit 7** is a true copy of the Proof of Service of Summons on Martin Marietta filed on September 9, 2026.

43. Attached hereto as **Exhibit 8** is a true and correct copy of the original answer filed by Defendant Martin Marietta in the San Diego County Superior Court, Case Number 26CU035198C, on September 30, 2026.

## IV. NOTICE OF RELATED CASE

44. Through this Notice of Removal, Defendant additionally notifies this Court of the related case currently pending before the same Court: *Shayna Hill, on behalf of others similarly situated v. Martin Marietta Materials, Inc. and DOES 1 through 100, inclusive*, Case No. 3:26-cv-04529-LL-VET. As explained in the separately filed Motion to Consolidate, both actions involve common questions of law and fact. Defendant therefore requests that this case be assigned to the Judge or Magistrate Judge, as the assignment of these matters to the same District Judge and Magistrate Judge is likely to effect substantial savings of judicial effort and is likely to be convenient for the parties.

## V. CONCLUSION

Defendant files this Notice of Removal and respectfully requests that the Court: (i) remove Case No. 26CU045923C from the California Superior Court for the County of San Diego to this Court; (ii) assume jurisdiction; (iii) assign this Case to the same District Judge and Magistrate Judge; and (iv) grant Defendant any additional relief that the Court determines is appropriate.

Dated: October 1, 2026

**SCHWARTZ SEMERDJIAN CAULEY SCHENA & BUSH LLP**

By: /s/Dick A. Semerdjian
Dick A. Semerdjian
Courtney M. Chamberlin
Attorneys for Defendant
MARTIN MARIETTA MATERIALS, INC