Dick A. Semerdjian (SBN 123630)
**SCHWARTZ SEMERDJIAN CAULEY SCHENA & BUSH LLP**
101 West Broadway, Suite 810
San Diego, CA 92101
Telephone No. 619.236.8821
Facsimile No. 619.236.8827
Email: das@sscelaw.com

CARRINGTON, COLEMAN,
SLOMAN & BLUMENTHAL, L.L.P.
Parker Graham (Texas Bar No. 24087612)
(*Pro Hac Vice Application Forthcoming*)
pgraham@ccsb.com
Tayler Gray (Texas Bar No. 24131254)
(*Pro Hac Vice Application Forthcoming*)
tgray@ccsb.com
2200 Ross Ave, Suite 1800
Dallas, Texas 75201
Telephone: 214-855-3000
Facsimile: 214-580-2641

Attorneys for Defendant
MARTIN MARIETTA MATERIALS, INC.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO DIVISION**

| | |
|---|---|
| SHAYNA HILL, on behalf of others similarly situated and the State of California under the Private Attorneys General Act,<br><br>Plaintiff,<br><br>vs.<br><br>MARTIN MARIETTA MATERIALS, INC. and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 3:26-CV-05633-DMS-DEB<br><br>**DEFENDANT MARTIN MARIETTA MATERIALS, INC.'S ORIGINAL ANSWER TO COMPLAINT** |

Defendant MARTIN MARIETTA MATERIALS, INC. ("Defendant") previously filed an answer in state court on September 30, 2026, prior to removal. That answer has not yet been accepted by the clerk of the Superior Court of California, County of San Diego. Accordingly, out of an abundance of caution,

Defendant hereby answers Plaintiff SHAYNA HILL's ("Plaintiff") unverified PAGA Complaint ("Complaint") as follows:

## INTRODUCTION

1. Defendant admits that this is a representative action, but denies any and all liability or that Plaintiff is entitled to any requested relief.

2. Denied.

3. Denied.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

## JURISDICTION & VENUE

10. Defendant does not dispute that jurisdiction is proper in the Southern District of California as this case has been removed from the San Diego Superior Court to this Court. To the extent further response is required, denied.

11. Defendant does not dispute that jurisdiction is proper in the Southern District of California as this case has been removed from the San Diego Superior Court to this Court. To the extent further response is required, denied.

12. Defendant does not dispute that jurisdiction is proper in the Southern District of California as this case has been removed from the San Diego Superior Court to this Court. To the extent further response is required, denied.

13. Defendant does not dispute that jurisdiction is proper in the Southern District of California as this case has been removed from the San Diego Superior Court to this Court. To the extent further response is required, denied.

## PARTIES

**A. Plaintiff Shayna Hill**

14. Admitted.

15. Paragraph 15 contains legal conclusions that do not require an admission or denial. To the extent a response is required, denied.

**B. Defendants**

16. Admitted.

17. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 17. To the extent further response is required, denied.

18. Denied.

19. Denied.

20. Denied.

## GENERAL ALLEGATIONS

21. Defendant admits that Plaintiff worked as a non-exempt employee and was compensated on an hourly basis. Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 21 and, on that basis, denies them.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

## FIRST CAUSE OF ACTION

## CIVIL PENALTIES UNDER THE PRIVATE ATTORNEYS GENERAL ACT

1. Defendant incorporates its responses to Paragraphs 1-49 above as if stated in full herein.

2. Defendant admits that Plaintiff brings a PAGA claim and seeks to represent current and former non-exempt employees. To the extent further response is required, denied.

3. Defendant denies that Plaintiff has the right to amend, supplement, or add to the description of the aggrieved employees.

4. Defendant admits that the State of California, generally, is the real party in interest in PAGA actions. To the extent further response is required, denied.

5. Paragraph 5 contains a recitation of Labor Code section 2699(a) to which a response is not required. To the extent further response is required, denied.

6. Paragraph 6 contains a recitation of Labor Code section 1198 to which a response is not required. To the extent further response is required, denied.

7. Defendant admits that Labor Code section 2699.3 sets forth the procedure for commencing an action for civil penalties under PAGA.

8. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 8.

9. Defendant admits that the document attached as Exhibit 1 purports to be a copy of Plaintiff's PAGA notice. To the extent further response is required, denied.

10. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 10.

11. Defendant denies that there were any violations to cure. To the extent further response is required, denied.

12. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 12.

13. Defendant denies any and all liability, including for the violations alleged in subparagraphs (a) through (i).

14. Defendant admits that Plaintiff seeks to recover as stated in the Complaint but denies that Plaintiff is entitled to any of the recovery she seeks therein.

Defendant specifically denies any and all violations alleged in Plaintiff's Complaint or that Plaintiff is entitled to any of the relief requested, including but not limited to the relief requested in subparagraphs (a) through (k) of Plaintiff's Prayer

for Relief. Defendant further denies that it is liable to Plaintiff under any theory, including, without limitation, the theories of liability asserted in the Complaint. To the extent any allegation in the Complaint is not specifically denied above, it is hereby denied.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

As affirmative and additional defenses to each cause of action set forth in the Complaint, Defendant alleges as follows:

### FIRST DEFENSE

### (Agreement to Arbitrate)

Plaintiff's Complaint encompasses putative class members who have agreed to arbitrate all or some of the purported claims.

### SECOND DEFENSE

### (Failure to State a Claim)

The Complaint, and each cause of action alleged therein, fails to state facts sufficient to constitute a cause of action.

### THIRD DEFENSE

### (Statutes of Limitations)

The Complaint, and each cause of action alleged therein, is barred, in whole or in part, by the applicable statutes of limitation including, but not limited to: the three-year statute of limitations applicable to claims under the California Labor Code; the one-year statute of limitations applicable to penalty claims under the Labor Code, including pursuant to the Private Attorneys General Act (California Labor Code § 2698 et seq.); the four-year statute of limitations under California Business and Professions Code section 17208; California Code of Civil Procedure sections 338, 339, 340, and 343; and any other applicable provisions of state and federal law.

**FOURTH DEFENSE**

**(Conditions Precedent)**

The Complaint, and each cause of action alleged therein, is barred, in whole or in part, to the extent Plaintiff failed to comply with all conditions precedent, including but not limited to exhausting administrative remedies, prior to filing suit.

**FIFTH DEFENSE**

**(Speculative Relief)**

Plaintiff's alleged damages are too speculative to form a basis of recovery. Plaintiff's Complaint requires an individualized assessment of each putative class member, and thus class-like relief would be speculative.

**SIXTH DEFENSE**

**(Due Process)**

The penalties sought by the Complaint violate the due process clauses of the United States and California Constitutions.

**SEVENTH DEFENSE**

**(Waiver)**

The Complaint is barred to the extent that, by conduct, representations, and omissions, Plaintiff and/or the putative class members waived, relinquished, and/or abandoned any claim for relief against Defendant respecting the matters alleged in the Complaint.

**EIGHTH DEFENSE**

**(Not Knowing and Intentional)**

Plaintiff's claim for failure to provide accurate itemized wage statements fails because, to the extent Defendant failed to provide accurate itemized wage statements, any such failures were not knowing and intentional, and Plaintiff suffered no injury because a reasonable person would have been able to promptly and easily ascertain the information listed in Labor Code § 226(e)(2)(B)(i)-(iv).

**NINTH DEFENSE**

**(No Class Claims)**

Each of Plaintiff's causes of action is not appropriate for class certification and Plaintiff lacks standing to serve as a class representative because Plaintiff cannot satisfy the prerequisites for class certification and therefore cannot represent the interests of others.

**TENTH DEFENSE**

**(No Unfair Competition)**

Any alleged act or omission by Defendant was not unlawful, unfair, fraudulent, or willful within the meaning of the California Business and Professions Code.

**ELEVENTH DEFENSE**

**(Excessive Penalties, Damages, and Fees)**

Any act or omission of Defendant alleged in the Complaint was not willful, knowing, or intentional sufficient to justify any award of penalties, liquidated damages, or attorneys' fees against Defendant. Moreover, Plaintiff and/or the putative class members are not entitled to civil penalties under California Labor Code sections 218.5, 226(e), or 1194, because awarding penalties would be unjust, arbitrary, and oppressive or confiscatory, in that Defendant had appropriate employment policies and Plaintiff did not notify Defendant of any purported wage/hour violations.

**TWELFTH DEFENSE**

**(Collateral Estoppel/Res Judicata)**

The doctrines of issue preclusion (collateral estoppel) and claim preclusion (res judicata) bar the Complaint and each cause of action, in whole or in part.

**THIRTEENTH DEFENSE**

**(Meal Periods)**

The Complaint, and each cause of action, is barred because Plaintiff and other putative class members were provided adequate time for meal periods. To the extent Plaintiff and other putative class members did not take their meal and rest periods, they chose not to do so, did so without permission or the actual or constructive knowledge of Defendant, failed to work the requisite number of hours to qualify for a meal period, and/or waived the meal period by mutual consent.

**FOURTEENTH DEFENSE**

**(Unpaid Hours *De Minimis*)**

Some or all of the hours worked by Plaintiff, and other putative class members, claimed as unpaid were *de minimis* and do not qualify as compensable hours worked under the Labor Code or any applicable Wage Order of the Industrial Welfare Commission.

**FIFTEENTH DEFENSE**

**(Preemption)**

The claims brought forth in the Complaint are preempted, in whole or in part, by federal law, including the Labor Management Relations Act.

**SIXTEENTH DEFENSE**

**(Penalties Beyond Initial Violation)**

Plaintiff's Complaint is barred to the extent Plaintiff and other putative class members seek penalties beyond the "initial" violation described in California Labor Code § 2699, and/or any other applicable California Labor Code provision.

**SEVENTEENTH DEFENSE**

**(Not Willful)**

The Complaint, and each cause of action, is barred because any act or omission or violation by Defendant alleged in the Complaint was made in good faith and was not willful, knowing, or intentional sufficient to justify any award of penalties or fees within the meaning of the Labor Code.

**EIGHTEENTH DEFENSE**

**(Failure to Accurately Report Hours Worked)**

Plaintiff and the putative class members did not accurately report the hours for which they seek allegedly unpaid wages and penalties; therefore, Plaintiff and the putative class members are barred from seeking to recover any such amounts from Defendant.

**NINETEENTH DEFENSE**

**(No Statutory Standing)**

Plaintiff cannot serve as a representative because she cannot prove that she was injured as a result of Defendant's conduct, and she therefore does not have statutory standing to bring this PAGA action.

**TWENTIETH DEFENSE**

**(Class Not Manageable)**

This case is not properly maintained as a class action because of the difficulties likely to be encountered in the management of the class action.

**TWENTY-FIRST DEFENSE**

**(Disregard of Policies)**

To the extent that Plaintiff and any putative class members allege they have not been paid in full, Plaintiff and the putative class members have disregarded Defendant's policies regarding payment of wages and/or meal periods, if any.

**TWENTY SECOND DEFENSE**

**(Release and Accord & Satisfaction)**

Members of Plaintiff's putative class have released some or all of the claims that Plaintiff purports to assert. Therefore, the doctrines of release and accord and satisfaction preclude all those claims.

**RESERVATION OF RIGHTS**

Defendant has not yet completed a thorough investigation and study or completed discovery of all facts and circumstances of the subject matter of the Complaint, and, accordingly, reserves the right to amend, modify, revise, or supplement this Answer and to plead such further defenses and take such further actions as it may deem proper and necessary in its defense upon the completion of said investigation and study.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by this action;
2. That the Complaint be dismissed in its entirety with prejudice, and judgment entered in favor of Defendant;
3. That Defendant be awarded its costs of suit;
4. That Defendant be awarded its attorneys' fees according to proof; and
5. That the Court award Defendant such other and further relief as the Court may deem proper.

DATED: October 9, 2026

**SCHWARTZ SEMERDJIAN CAULEY SCHENA & BUSH LLP**

By: */s/Dick A. Semerdjian*
Dick A. Semerdjian
Attorney for Defendant
MARTIN MARIETTA MATERIALS, INC.

**CERTIFICATE OF SERVICE**

I certify that on October 9, 2026, I electronically filed the foregoing document with the Clerk of Court for the U.S. District Court for the Southern District of California using the Electronic Case Filing system. Service on all attorneys of record who are Filing Users will be automatically accomplished through notice of electronic filing.