Rick A. Waltman (State Bar No. 306463)
Andrew T. Katseanes (State Bar No. 351638)
Nicholas J. Ferraro (State Bar No. 306528)
Lauren N. Vega (State Bar No. 306525)
Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
(619) 693-7727 main / (619) 350-6855 facsimile
rick@ferrarovega.com / andrew@ferrarovega.com
nick@ferrarovega.com / lauren@ferrarovega.com

Attorneys for Plaintiff Shayna Hill

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

SHAYNA HILL, on behalf of others similarly situated and the State of California under the Private Attorneys General Act,

Plaintiff,

v.

MARTIN MARIETTA MATERIALS, INC.; and DOES 1 through 50, inclusive,

Defendants.

Case No. 3:26-cv-05633-DMS-DEB

**PLAINTIFF SHAYNA HILL'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND**

[Filed concurrently with Notice of Motion and Motion to Remand; Declaration of Andrew T. Katseanes; and [Proposed] Order]

Judge: Hon. Dana M. Sabraw
Hearing Date: December 18, 2026
Time: 01:30 P.M.
Courtroom: 13A

Complaint Filed: August 27, 2026
Removed: October 1, 2026
Trial Date: None set

**TABLE OF CONTENTS**


**Page**

I. INTRODUCTION ..... 1

II. BACKGROUND ..... 2

A. Plaintiff's Employment and the Two Actions ..... 2

B. This PAGA Action ..... 2

C. The Notice of Removal ..... 3

III. LEGAL STANDARD ..... 3

IV. ARGUMENT ..... 5

A. Martin Marietta Has Not Carried Its Burden of Proving Federal Jurisdiction ..... 5

1. Martin Marietta Must Prove Each Element of Each Exemption, for the PAGA Period. ..... 5

2. The Notice of Removal Proves None of It. ..... 6

3. Martin Marietta Cannot Add New Grounds for Removal. ..... 6

4. Martin Marietta's Own Records Confirm That Plaintiff Had No CBA. ..... 7

B. Martin Marietta's Labor Code Exemptions Are State-Law Affirmative Defenses That Cannot Create Removal Jurisdiction ..... 7

1. Complete Preemption Turns on the Nature of the Plaintiff's Claim, Not the Defendant's Defenses. ..... 7

2. Sections 514, 512(e), and 204(c) Are Affirmative Defenses Under California Law. ..... 8

3. *Curtis* Does Not Hold That a State-Law Exemption Creates Removal Jurisdiction. ..... 10

C. Even Under Martin Marietta's Reading of *Curtis*, Plaintiff's PAGA Action Is Not Preempted Because She Is Not Covered by Any CBA ..... 11

1. Jurisdiction over a PAGA Action Turns on the Predicate Labor Code Violations. .......... 12

2. Every Violation Alleged Here Is One Plaintiff Personally Suffered as a Non-Covered Employee. .......... 12

3. Martin Marietta's Own Admission Defeats Its "Only Source" Theory. .......... 13

4. *Renteria-Hinojosa* Divides PAGA Claims by Labor Code Violation, Not by Employee. .......... 14

5. Martin Marietta's Authorities Do Not Support Removal. .......... 14

6. At a Minimum, the Conflict in Authority Requires Remand. .......... 18

D. Each of Martin Marietta's Three Theories Fails Independently .......... 18

1. Overtime (Labor Code § 514) .......... 18

2. Meal Periods (Labor Code § 512(e)–(f)) .......... 19

3. Timely Payment (Labor Code § 204(c)) .......... 20

4. Martin Marietta Identifies No Actively Disputed CBA Term. .......... 21

E. Plaintiff Lacks Article III Standing to Pursue the CBA-Based Claims on Which Removal Depends, Which Requires Remand Under 28 U.S.C. § 1447(c) .......... 21

1. Martin Marietta Must Establish Plaintiff's Standing for Each Claim on Which It Relies. .......... 22

2. Plaintiff Suffered No Injury from the Violation of Any CBA. .......... 22

3. Section 1447(c) Requires Remand, and Nothing Would Remain in This Court. .......... 23

F. Without a Claim Within the Court's Original Jurisdiction, There Is No Supplemental Jurisdiction; Alternatively, the Court Should Decline It .......... 24

1. Supplemental Jurisdiction Requires a Claim Within the Court's Original Jurisdiction. .......... 24

2. Even if Some Portion of the Action Were Preempted, the Court Should Decline Supplemental Jurisdiction. ................ 24

G. The Court Should Decide Jurisdiction Before Martin Marietta's Motion to Consolidate ........................................................ 25

V. CONCLUSION ........................................................................ 26

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Acri v. Varian Assocs., Inc.*, 114 F.3d 999 (9th Cir. 1997) (en banc)....................25

*Alaska Airlines Inc. v. Schurke*, 898 F.3d 904 (9th Cir. 2018) (en banc) ........4, 21

*ARCO Env't Remediation, L.L.C. v. Dep't of Health & Env't Quality*, 213 F.3d 1108 (9th Cir. 2000) ....................6

*Ariola v. Raytheon CA Techs. Corp.*, No. CV 23-4691-MWF (AGRx), 2023 U.S. Dist. LEXIS 158377 (C.D. Cal. Sept. 6, 2023)....................17

*Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102 (9th Cir. 2000) ....................7, 10

*Bradford v. Pro. Tech. Sec. Servs. Inc.*, No. 20-cv-02242-WHO, 2020 U.S. Dist. LEXIS 92535 (N.D. Cal. May 27, 2020) ....................17

*Braswell v. AHMC San Gabriel Valley Med. Ctr. LP*, No. 21-cv-09959-MWF (AGRx), 2022 U.S. Dist. LEXIS 42113 (C.D. Cal. Mar. 8, 2022) ....................15, 16

*Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053 (9th Cir. 2007) .......4, 8, 10, 12, 13

*Calderon v. Physicians for Healthy Hosps., Inc.*, No. 5:20-cv-01875-JWH-SPx, 2021 U.S. Dist. LEXIS 44081 (C.D. Cal. Mar. 9, 2021)....5, 11, 13

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988)....................25

*Caterpillar Inc. v. Williams*, 482 U.S. 386 (1987)....................passim

*Chatman v. WeDriveU, Inc.*, No. 3:22-cv-04849-WHO, 2022 U.S. Dist. LEXIS 199533 (N.D. Cal. Oct. 28, 2022) ....................17

*Colbourne v. Sysco San Diego, Inc.*, No. 3:25-cv-02493-RBM-BJW, 2026 U.S. Dist. LEXIS 200964 (S.D. Cal. Sept. 4, 2026) ....................16

*Corlew v. Superior Duct Fabrication, Inc.*, No. CV 22-04466-JLS-E, 2022 U.S. Dist. LEXIS 230091 (C.D. Cal. Dec. 21, 2022) ....................17

*Cortes v. Mass Elec. Constr. Co.*, No. 25-cv-06714-JSC (N.D. Cal. Dec. 18, 2025), ECF No. 20....................9, 10, 11, 15, 21

*Cramer v. Consol. Freightways Inc.*, 255 F.3d 683 (9th Cir. 2001) (en banc) .......... 8, 9

*Cranton v. Grossmont Hosp. Corp.*, No. 22-cv-443-JLS-MDD, 2022 U.S. Dist. LEXIS 199054 (S.D. Cal. Nov. 1, 2022) .......... 13, 16

*Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146 (9th Cir. 2019) .......... passim

*Delgado v. Lakin Tire W., LLC*, No. 2:24-cv-10595-CBM-JC (C.D. Cal. Apr. 9, 2025) .......... 11, 16

*Dominguez v. Leprino Foods Co.*, No. 1:22-cv-01431-ADA-EPG, 2023 U.S. Dist. LEXIS 193323 (E.D. Cal. Oct. 27, 2023) .......... 11, 12, 16, 17

*Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1 (1983) .......... 9

*Franco v. E-3 Sys.*, No. 19-cv-01453-HSG, 2019 U.S. Dist. LEXIS 195396 (N.D. Cal. Nov. 8, 2019) .......... 12

*Gaus v. Miles, Inc.*, 980 F.2d 564 (9th Cir. 1992) .......... 4, 7, 18

*Hall v. Hall*, 584 U.S. 59 (2018) .......... 26

*Herman Fam. Revocable Tr. v. Teddy Bear*, 254 F.3d 802 (9th Cir. 2001) .......... 24

*Hernandez v. Pac. Underground Constr., Inc.*, 794 F. Supp. 3d 696 (N.D. Cal. 2025) .......... 5, 9, 10, 11, 20

*Higgs v. Monterey Mech. Co.*, No. 25-cv-05267-JST, 2026 U.S. Dist. LEXIS 165313 (N.D. Cal. July 24, 2026) .......... 11

*Huffman v. Pac. Gateway Concessions LLC*, No. 19-cv-01791-PJH, 2019 U.S. Dist. LEXIS 104486 (N.D. Cal. June 21, 2019) .......... 18

*Hunter v. Philip Morris USA*, 582 F.3d 1039 (9th Cir. 2009) .......... 3

*Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72 (1991) .......... 23

*Landy v. Pettigrew Crewing, Inc.*, No. CV 19-07474-RGK (AFMx), 2019 U.S. Dist. LEXIS 203458 (C.D. Cal. Nov. 22, 2019) .......... 17

*Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997 (9th Cir. 2001) .......... 24

*Leite v. Crane Co.*, 749 F.3d 1117 (9th Cir. 2014) .......... 4, 5

*Livadas v. Bradshaw*, 512 U.S. 107 (1994) .......... 4, 19, 20, 21

*Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992) .......... 22

*Magadia v. Wal-Mart Assocs., Inc.*, 999 F.3d 668 (9th Cir. 2021) .......... 1, 22, 23

*McCray v. Marriott Hotel Servs., Inc.*, 902 F.3d 1005 (9th Cir. 2018) .......... 10, 21

*Milne Emps. Ass'n v. Sun Carriers, Inc.*, 960 F.2d 1401 (9th Cir. 1991) .......... 17

*Painting & Decorating Contractors Ass'n v. Painters & Decorators Joint Comm.*, 707 F.2d 1067 (9th Cir. 1983) .......... 17

*Parker Drilling Mgmt. Servs., Ltd. v. Newton*, 587 U.S. 601 (2019) .......... 10

*Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193 (9th Cir. 2016) .......... 1, 23

*Renteria-Hinojosa v. Sunsweet Growers, Inc.*, 150 F.4th 1076 (9th Cir. 2025) .......... passim

*Republic Steel Corp. v. Maddox*, 379 U.S. 650 (1965) .......... 25

*Rivera v. AHMC Healthcare Inc.*, No. CV 22-104-DMG (AFMx), 2022 U.S. Dist. LEXIS 47924 (C.D. Cal. Mar. 10, 2022) .......... 11, 18

*Rodriguez v. USF Reddaway Inc.*, No. 2:22-cv-00210-TLN-DB, 2022 U.S. Dist. LEXIS 233603 (E.D. Cal. Dec. 30, 2022) .......... 15, 16, 17

*Salter v. Quality Carriers, Inc.*, 974 F.3d 959 (9th Cir. 2020) .......... 5

*Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646 (9th Cir. 2002) .......... 24

*Shwiyat v. Martin Marietta Materials, Inc.*, No. 3:23-cv-00283-JSC (N.D. Cal.) .......... 14, 15, 20, 23

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998) .......... 24, 26

*Stoddart v. Heavy Metal Iron, Inc.*, No. 2:22-cv-01532-DAD-DB, 2023 U.S. Dist. LEXIS 43642 (E.D. Cal. Mar. 14, 2023) .......... 1, 11, 12, 16

*TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021) .......... 22

*United States v. Mayer*, 560 F.3d 948 (9th Cir. 2009) .......... 11

*Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118 (9th Cir. 2013) .......... 1, 23, 25, 26

*Viking River Cruises, Inc. v. Moriana*, 596 U.S. 639 (2022) .......... 14, 15, 25

*Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993 (9th Cir. 1987) .......... 17

**California Cases**

*Amalgamated Transit Union, Loc. 1756 v. Superior Ct.*, 46 Cal. 4th 993 (2009) ..... 12

*Araquistain v. Pac. Gas & Elec. Co.*, 229 Cal. App. 4th 227 (2014) ..... 8

*Brown v. Ralphs Grocery Co.*, 28 Cal. App. 5th 824 (2018) ..... 19

*Dep't of Fair Emp. & Hous. v. Verizon Cal., Inc.*, 108 Cal. App. 4th 160 (2003) ..... 16

*Kim v. Reins Int'l Cal., Inc.*, 9 Cal. 5th 73 (2020) ..... 23

*Nordquist v. McGraw-Hill Broad. Co.*, 32 Cal. App. 4th 555 (1995) ..... 9

**Federal Statutes**

28 U.S.C. § 1367 ..... 2, 25, 26

28 U.S.C. § 1441 ..... 3

28 U.S.C. § 1446 ..... 4, 6

28 U.S.C. § 1447 ..... 21, 22, 23, 24, 26

29 U.S.C. § 185 (Labor Management Relations Act § 301) ..... passim

**California Statutes**

Cal. Civ. Proc. Code § 415.20 ..... 6

Cal. Lab. Code § 204 ..... passim

Cal. Lab. Code § 204b ..... 13, 20

Cal. Lab. Code § 226.7 ..... 2, 8, 19

Cal. Lab. Code § 510 ..... 8, 12, 14, 18

Cal. Lab. Code § 512 ..... passim

Cal. Lab. Code § 514 ..... passim

Cal. Lab. Code § 1182.12 ..... 6

Cal. Lab. Code § 2698 *et seq.* (Private Attorneys General Act) ..... passim

Cal. Lab. Code § 2699(c)(1) ..... 12, 15, 23

Cal. Lab. Code § 2699.3 .......... 19

Cal. Lab. Code § 2699.6 .......... 7

**Other Authorities**

Cal. Dep't of Indus. Rels., *California Minimum Wage*, MW-2025 & MW-2026 .......... 6

## I. INTRODUCTION

This is a single-count PAGA action by a California employee, seeking civil penalties on behalf of the State for violations of the California Labor Code. It is, in the Ninth Circuit's words, a "quintessential California dispute." *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1123 (9th Cir. 2013).

Martin Marietta concedes that Plaintiff Shayna Hill "does not have a CBA." (NOR ¶ 17.) It nonetheless removed under § 301 of the LMRA. Its theory is that unidentified collective bargaining agreements, covering what it calls "a substantial subset" of other employees, might trigger state-law exemptions to the overtime, meal-period, and pay-timing statutes for those employees. (*Id.* ¶¶ 17–29.) Martin Marietta attached no CBA to its notice and identified none.

The removal fails for four independent reasons. First, Martin Marietta has not proven that any qualifying CBA covered anyone during the PAGA period. Second, the exemptions it invokes are state-law affirmative defenses, and a defense cannot create removal jurisdiction. *Renteria-Hinojosa v. Sunsweet Growers, Inc.*, 150 F.4th 1076, 1092–1093 (9th Cir. 2025); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398–399 (1987). Third, even under Martin Marietta's reading of *Curtis v. Irwin Industries, Inc.*, 913 F.3d 1146 (9th Cir. 2019), the PAGA claim of a plaintiff not covered by a CBA arises entirely under state law. *Stoddart v. Heavy Metal Iron, Inc.*, No. 2:22-cv-01532-DAD-DB, 2023 U.S. Dist. LEXIS 43642, at *11–13 (E.D. Cal. Mar. 14, 2023). Fourth, if the union employees' claims did arise solely under their CBAs, Plaintiff would lack Article III standing to pursue them, and a removed claim over which the plaintiff lacks standing must be remanded. *Magadia v. Wal-Mart Assocs., Inc.*, 999 F.3d 668, 678 (9th Cir. 2021); *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016).

With no claim within the Court's original jurisdiction, there is nothing to which supplemental jurisdiction can attach. And even if some sliver of the action were federal, the Court should decline supplemental jurisdiction over what remains. 28 U.S.C. § 1367(c); *Renteria-Hinojosa*, 150 F.4th at 1095–1096. The Court should remand this action to the San Diego County Superior Court.

## II. BACKGROUND

### A. Plaintiff's Employment and the Two Actions

Plaintiff worked for Martin Marietta, or a company it acquired, from about April 2001 to April 2026, including as an hourly, non-exempt Safety Lead during the PAGA period. (Katseanes Decl. Ex. 1 ("Compl.") ¶¶ 14, 21; NOR ¶ 4.) Martin Marietta concedes that she was not a union member and had no CBA. (NOR ¶ 17.) Her earnings statements reflect no union dues and show that Martin Marietta paid her weekly. (Katseanes Decl. ¶¶ 4–5 & Ex. 3.)

In June 2026, Plaintiff filed a putative class action in San Diego County Superior Court. Martin Marietta removed it, asserting federal question and diversity jurisdiction. That case is pending before Judge Lopez as No. 3:26-cv-04529-LL-VET. (NOR ¶¶ 5, 44.)

### B. This PAGA Action

On June 11, 2026, Plaintiff gave written notice of the alleged violations to the Labor and Workforce Development Agency. (Compl., First Cause of Action ("COA") ¶ 8; Katseanes Decl. Ex. 1 at 11, 15–27 ("PAGA Notice").) She filed this action in San Diego County Superior Court on August 27, 2026. (Katseanes Decl. Ex. 1 at 2.) The complaint asserts a single PAGA cause of action predicated on nine categories of Labor Code violations, none of which is a meal- or rest-period violation under § 512 or § 226.7. (COA ¶ 13; PAGA Notice.) It does not mention any collective bargaining agreement. (*See generally* Compl.)

Plaintiff served Martin Marietta by substituted service on September 2, 2026. (ECF No. 6-8.) On September 30, 2026, Martin Marietta answered in state court. Its answer asserts twenty-two affirmative defenses, including LMRA preemption as the Fifteenth, but none based on Labor Code § 514, § 512(e), § 204(c), or any CBA exemption. (Katseanes Decl. Ex. 2 at 30–34.)

**C. The Notice of Removal**

Martin Marietta removed on October 1, 2026, asserting federal question jurisdiction under § 301 of the LMRA alone. (NOR ¶¶ 11–30.) It concedes that Plaintiff "does not have a CBA." (*Id.* ¶ 17.) It asserts that CBAs "govern a substantial subset" of the employees for whom Plaintiff seeks penalties. (*Id.*)

The notice advances three theories, each based on a statutory exemption. It argues that overtime claims of CBA-covered employees are preempted under Labor Code § 514; that meal-period claims of CBA-covered quarry employees are preempted under § 512(e)–(f); and that timely-payment claims of CBA-covered employees are preempted under § 204(c). (*Id.* ¶¶ 19–29.) It asks the Court to exercise supplemental jurisdiction over everything else. (*Id.* ¶ 31.)

Martin Marietta has also filed a motion to consolidate this action with the class action and asked that this case be reassigned to Judge Lopez. (*Id.* ¶ 44.)

## III. LEGAL STANDARD

A defendant may remove only an action that could originally have been filed in federal court. *Caterpillar*, 482 U.S. at 392; 28 U.S.C. § 1441(a). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper, and that the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). "Federal jurisdiction must be rejected if

there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Under the well-pleaded complaint rule, federal question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. A case "may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption." *Id.* at 393. Complete preemption under § 301 is a narrow corollary to that rule. It applies only to claims "founded directly on rights created by collective-bargaining agreements" or "substantially dependent on analysis of a collective-bargaining agreement." *Id.* at 394 (cleaned up). Section 301 "cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law." *Livadas v. Bradshaw*, 512 U.S. 107, 123 (1994).

The Ninth Circuit applies a two-step test. At step one, a claim is preempted only if the CBA is the "only source" of the right asserted. *Renteria-Hinojosa*, 150 F.4th at 1088–1089. At step two, a claim based on a state-law right is preempted only if litigating it requires interpreting the CBA, which means an "active dispute over 'the meaning of contract terms.'" *Id.* at 1089 (quoting *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 921 (9th Cir. 2018) (en banc)). Looking to or applying a CBA's plain terms is not enough. *Id.*; *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059–1060 (9th Cir. 2007).

A notice of removal need contain only a "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). When a plaintiff mounts a factual attack on those grounds, however, the removing defendant must support its jurisdictional allegations with competent proof and establish jurisdiction by a preponderance of the evidence. *Leite v. Crane Co.*, 749 F.3d 1117, 1121–1122

(9th Cir. 2014); *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020). The party opposing remand bears the burden of demonstrating preemption. *Hernandez v. Pac. Underground Constr., Inc.*, 794 F. Supp. 3d 696, 703 (N.D. Cal. 2025).

## IV. ARGUMENT

### A. Martin Marietta Has Not Carried Its Burden of Proving Federal Jurisdiction

Plaintiff mounts a factual attack on the jurisdictional allegations in the Notice of Removal. Martin Marietta must therefore prove, with competent evidence and by a preponderance, every fact on which its theory of preemption depends. *Leite*, 749 F.3d at 1121–1122; *Salter*, 974 F.3d at 964.

#### 1. Martin Marietta Must Prove Each Element of Each Exemption, for the PAGA Period.

Martin Marietta's theory turns entirely on statutory exemptions that apply only to employees covered by qualifying CBAs. (NOR ¶¶ 19–29.) To establish jurisdiction on that theory, it must prove, at a minimum:

1. which collective bargaining agreements it relies on, and that each was in effect during the PAGA period, which runs from one year before Plaintiff's June 11, 2026 notice;
2. which employees each agreement covered during that period;
3. for § 514, that each agreement expressly provides for wages, hours of work, and working conditions, provides premium rates for all overtime hours, and pays all covered employees a regular rate at least 30 percent above the state minimum wage for each year at issue, *see Calderon v. Physicians for Healthy Hosps., Inc.*, No. 5:20-cv-01875-JWH-SPx, 2021 U.S. Dist. LEXIS 44081, at *10–12

(C.D. Cal. Mar. 9, 2021) (exemption requires these terms for all covered employees);

4. for § 512(e)–(f), the same terms, plus express meal-period provisions, final and binding arbitration of meal-period disputes, and that each covered employee works in a construction occupation or another category listed in § 512(f); and
5. for § 204(c), that each agreement provides a pay arrangement different from § 204(a).

The 30-percent threshold depends on the state minimum wage in effect for each year of the PAGA period: $16.50 per hour in 2025 and $16.90 per hour in 2026, making the § 514 threshold $21.45 and $21.97. Cal. Lab. Code § 1182.12; Cal. Dep't of Indus. Rels., *California Minimum Wage*, MW-2025 & MW-2026, https://www.dir.ca.gov/IWC/MW-2025.pdf, https://www.dir.ca.gov/IWC/MW-2026.pdf.

**2. The Notice of Removal Proves None of It.**

The notice attaches no CBA and identifies no union, bargaining unit, facility, job classification, or covered employee. Its assertions that "each CBA" satisfies the statutory requirements, and that the CBAs provide for weekly pay, are unsupported statements of counsel. (NOR ¶¶ 20, 25, 28.) It does not even say how many employees any agreement covers, offering only "a substantial subset" and "many." (*Id.* ¶¶ 17, 25.)

**3. Martin Marietta Cannot Add New Grounds for Removal.**

The thirty-day removal period has closed. 28 U.S.C. § 1446(b)(1); Cal. Civ. Proc. Code § 415.20(a); ECF No. 6-8. After that period, a defendant may correct defective allegations of jurisdiction, but it may not add a new basis for removal. *ARCO Env't Remediation, L.L.C. v. Dep't of Health & Env't Quality*,

213 F.3d 1108, 1117 (9th Cir. 2000). Any new theory raised in opposition, such as a PAGA waiver under Labor Code § 2699.6 or preemption under federal motor-carrier regulations, is not properly before the Court.

**4. Martin Marietta's Own Records Confirm That Plaintiff Had No CBA.**

Martin Marietta's payroll records corroborate its concession. None of the 154 weekly earnings statements it issued to Plaintiff from April 2023 through March 2026 reflects a deduction for union dues or fees, and each covers a seven-day pay period. (Katseanes Decl. ¶¶ 4–5 & Ex. 3.)

Because Martin Marietta has not carried its burden, the Court should remand on this ground alone. *Gaus*, 980 F.2d at 566.

**B. Martin Marietta's Labor Code Exemptions Are State-Law Affirmative Defenses That Cannot Create Removal Jurisdiction**

Every preemption theory in the notice rests on a California statutory exemption: § 514 for overtime, § 512(e)–(f) for meal periods, and § 204(c) for timely payment. (NOR ¶¶ 19–29.) Each is a state-law defense that the employer must plead and prove, and a defendant cannot remove a case by invoking a defense, even one that refers to a CBA. *Caterpillar*, 482 U.S. at 398–399. That rule disposes of the removal before the Court reaches any question about Plaintiff's own coverage.

**1. Complete Preemption Turns on the Nature of the Plaintiff's Claim, Not the Defendant's Defenses.**

Complete preemption "is actually a doctrine of jurisdiction." *Renteria-Hinojosa*, 150 F.4th at 1092 (quoting *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1107 n.7 (9th Cir. 2000)). It "does not abrogate the standard rule that a defense of preemption does not create federal question

jurisdiction." *Id.* Its applicability "turns on the 'nature of the plaintiff's claim,'" and "the need to interpret the CBA must inhere in the nature of the plaintiff's claim." *Id.* (quoting *Cramer v. Consol. Freightways Inc.*, 255 F.3d 683, 691 (9th Cir. 2001) (en banc)).

A claim that "involves a right conferred upon an employee by virtue of state law" is not preempted at *Burnside* step one. *Id.* at 1089 (quoting *Burnside*, 491 F.3d at 1059). Applying that standard, the Ninth Circuit held that claims under Labor Code §§ 510, 226.7, and 512 "do not arise exclusively from the CBAs, but rather from 'right[s] conferred' by state law," even though the plaintiff there was covered by the CBAs. *Id.*

When a plaintiff "asserts what is plainly a state-law claim," a defendant cannot "transform the action into one arising under federal law" by raising the CBA defensively. *Id.* at 1092 (quoting *Caterpillar*, 482 U.S. at 398–399). The label the defendant uses does not matter: "Although Sunsweet does not label its arguments as 'defenses,' that is what they are." *Id.* The same is true here.

**2. Sections 514, 512(e), and 204(c) Are Affirmative Defenses Under California Law.**

Plaintiff's single cause of action seeks PAGA penalties for violations of the California Labor Code. (COA ¶¶ 1–14.) She pleads no right under any CBA and seeks no relief under one. On the face of the complaint, every right she asserts is conferred by state law. *Renteria-Hinojosa*, 150 F.4th at 1089.

Martin Marietta's theory is that certain CBAs trigger statutory exemptions that make §§ 510, 512, and 204(a) inapplicable to some employees. California law treats those exemptions as affirmative defenses the employer must prove. *See Araquistain v. Pac. Gas & Elec. Co.*, 229 Cal. App. 4th 227, 231 (2014) (§

512(e)–(g)); *Nordquist v. McGraw-Hill Broad. Co.*, 32 Cal. App. 4th 555, 562 (1995) ("The employer bears the burden of proving an employee is exempt.").

Judge Corley applied exactly that principle in remanding a PAGA action removed on the § 514 and § 512(e) exemptions at issue here. *Cortes v. Mass Elec. Constr. Co.*, No. 25-cv-06714-JSC, slip op. at 6–7 (N.D. Cal. Dec. 18, 2025), ECF No. 20. As she explained, "a non-preemption affirmative defense cannot serve as a basis for removal when, as here, Plaintiff has exclusively pleaded violations of state law." *Id.* at 7.

Martin Marietta's own pleading confirms the point. The day before it removed, it answered in state court and pleaded LMRA preemption as its Fifteenth Affirmative Defense, but it pleaded none of the exemptions on which its removal now depends. (Katseanes Decl. Ex. 2 at 30–34.) Its jurisdictional theory thus rests on state-law defenses it has not even asserted.

Deciding whether an exemption applies is also a merits determination, which is incompatible with complete preemption. "Such a merits evaluation is inconsistent with the argument that the claims themselves are preempted, because preempted claims are 'displace[d] entirely' by federal law." *Hernandez*, 794 F. Supp. 3d at 704 (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 23 (1983)). If Martin Marietta is right about the exemptions, "that simply means that [the] claims fail, not that [the] rights are derived from the CBA." *Id.* at 705.

The Ninth Circuit's treatment of statutory opt-outs confirms this result. A court "may look to the CBA to determine whether it contains a clear and unmistakable waiver of state law rights without triggering § 301 preemption." *Renteria-Hinojosa*, 150 F.4th at 1093 (quoting *Cramer*, 255 F.3d at 692). And where a local ordinance allowed a CBA to waive its requirements, the

employee's claim still arose under state law because the right "came into existence entirely independent of the CBA." *McCray v. Marriott Hotel Servs., Inc.*, 902 F.3d 1005, 1010–1011 (9th Cir. 2018). Whether a CBA triggers a statutory exemption is the same kind of question, and it belongs to the state court.

**3. *Curtis* Does Not Hold That a State-Law Exemption Creates Removal Jurisdiction.**

Martin Marietta relies on *Curtis*, 913 F.3d 1146. (NOR ¶¶ 14–15, 21.) *Curtis* does not support removal here, for four reasons.

First, *Curtis* was not a jurisdictional decision. It reviewed a Rule 12(b)(6) dismissal on the merits. *Id.* at 1150–1151. Its only statement about jurisdiction is a half-sentence and a footnote noting that the district court had jurisdiction under § 301, so the panel need not reach OCSLA. *Id.* at 1151 & n.4. The analysis that follows never mentions the well-pleaded complaint rule, *Caterpillar*, or the word "defense." *Cortes*, slip op. at 8–9.

Second, the plaintiff in *Curtis* conceded that the CBAs applied to him. 913 F.3d at 1151. Plaintiff here is not covered by any CBA, as Martin Marietta concedes. (NOR ¶ 17.)

Third, *Curtis* arose on the Outer Continental Shelf, where OCSLA independently supplied federal jurisdiction and treated applicable state law as federal law. *Hernandez*, 794 F. Supp. 3d at 705. The Supreme Court later held that California's minimum wage and overtime laws do not apply there at all. *Parker Drilling Mgmt. Servs., Ltd. v. Newton*, 587 U.S. 601, 604 (2019).

Fourth, read as Martin Marietta reads it, *Curtis* would conflict with earlier Ninth Circuit precedent holding that a defense cannot create complete-preemption jurisdiction, *see Balcorta*, 208 F.3d at 1107 n.7; *Burnside*, 491 F.3d

at 1059, and one panel cannot overrule another. *United States v. Mayer*, 560 F.3d 948, 964 (9th Cir. 2009). Unpublished decisions citing *Curtis* do not bind this Court. *Cortes*, slip op. at 9.

Some district courts treat *Curtis* as controlling on statutory exemptions. *Higgs v. Monterey Mech. Co.*, No. 25-cv-05267-JST, 2026 U.S. Dist. LEXIS 165313, at *10 & n.2 (N.D. Cal. July 24, 2026), for example, did so for a plaintiff covered by the CBA who conceded the exemption elements, while calling *Cortes* and *Hernandez* persuasive. The Court need not resolve that disagreement, because the removal fails even under Martin Marietta's reading of *Curtis*. *See* Section IV.C.

**C. Even Under Martin Marietta's Reading of *Curtis*, Plaintiff's PAGA Action Is Not Preempted Because She Is Not Covered by Any CBA**

Martin Marietta concedes that "Plaintiff does not have a CBA." (NOR ¶ 17.) It argues instead that CBAs "govern a substantial subset" of the other employees for whom she seeks penalties. (*Id.*) Courts in this Circuit have repeatedly rejected that theory and remanded PAGA actions brought by plaintiffs not covered by a CBA. *Stoddart*, 2023 U.S. Dist. LEXIS 43642, at *11–13; *Dominguez v. Leprino Foods Co.*, No. 1:22-cv-01431-ADA-EPG, 2023 U.S. Dist. LEXIS 193323, at *6–10 (E.D. Cal. Oct. 27, 2023); *Rivera v. AHMC Healthcare Inc.*, No. CV 22-104-DMG (AFMx), 2022 U.S. Dist. LEXIS 47924, at *7–10 (C.D. Cal. Mar. 10, 2022); *Calderon*, 2021 U.S. Dist. LEXIS 44081, at *12; *Delgado v. Lakin Tire W., LLC*, No. 2:24-cv-10595-CBM-JC (C.D. Cal. Apr. 9, 2025). The same result follows here.

**1. Jurisdiction over a PAGA Action Turns on the Predicate Labor Code Violations.**

PAGA "does not create any substantive rights or impose any legal obligations"; it is a procedural statute for recovering civil penalties for Labor Code violations. *Amalgamated Transit Union, Loc. 1756 v. Superior Ct.*, 46 Cal. 4th 993, 1003 (2009). A PAGA claim is therefore "derivative of the predicate California Labor Code violations." *Franco v. E-3 Sys.*, No. 19-cv-01453-HSG, 2019 U.S. Dist. LEXIS 195396, at *4 (N.D. Cal. Nov. 8, 2019); *see Curtis*, 913 F.3d at 1150 n.3.

It follows that "whether the court has subject matter jurisdiction over the derivative PAGA claim depends on whether the court has jurisdiction over plaintiff's underlying predicate California Labor Code violations." *Stoddart*, 2023 U.S. Dist. LEXIS 43642, at *12. Where the plaintiff is not covered by a qualifying CBA, those predicate violations "do not involve a right that 'exists solely as a result of the CBA,'" and § 301 does not reach them. *Id.* at *13 (quoting *Burnside*, 491 F.3d at 1059). *Dominguez* applied the same rule to a PAGA-only action like this one. 2023 U.S. Dist. LEXIS 193323, at *8–9.

**2. Every Violation Alleged Here Is One Plaintiff Personally Suffered as a Non-Covered Employee.**

Plaintiff gave notice to the LWDA on June 11, 2026. (COA ¶ 8.) Her action is therefore governed by PAGA as amended in 2024. Under amended Labor Code § 2699(c)(1), an "aggrieved employee" is a person "who was employed by the alleged violator and personally suffered each of the violations alleged" within the limitations period.

That definition anchors every alleged violation to Plaintiff's own employment. Each violation for which she seeks penalties is a violation of § 510,

§ 204 or § 204b, § 221, § 2802, or another Labor Code provision that applied to her. None of those rights came from a CBA, because none covered her. (NOR ¶ 17.) Her predicate violations fail both steps of *Burnside*: they arise under state law, and resolving them requires interpreting no CBA.

Martin Marietta's exemption arguments do not change the source of those rights. At most, they contend that some employees were not "aggrieved" by the same Labor Code violations because a CBA displaced the statutory default for them. That is a state-law question about the scope of the penalties recoverable, not a federal claim pleaded by Plaintiff. *Renteria-Hinojosa*, 150 F.4th at 1092–1093.

**3. Martin Marietta's Own Admission Defeats Its "Only Source" Theory.**

Even on its own terms, Martin Marietta's theory requires a showing that the rights at issue exist "solely as a result of the CBA." *Burnside*, 491 F.3d at 1059. Martin Marietta alleges only that CBAs cover "a substantial subset" of aggrieved employees. (NOR ¶ 17.) By its own account, then, Plaintiff and many other aggrieved employees hold the rights at issue under state law alone.

*Calderon* rejected an identical removal. There, a non-union security guard brought a PAGA-only action, and the employer argued that "a vast majority" of aggrieved employees were covered by qualifying CBAs. 2021 U.S. Dist. LEXIS 44081, at *4. The court remanded because the claim "involve[d] a right conferred upon an employee by virtue of state law, not by a CBA." *Id.* at *12. *See also Cranton v. Grossmont Hosp. Corp.*, No. 22-cv-443-JLS-MDD, 2022 U.S. Dist. LEXIS 199054, at *13–16 (S.D. Cal. Nov. 1, 2022) (remanding where employer could not show that all employees on whose behalf the action was brought were covered by a qualifying CBA).

**4. *Renteria-Hinojosa* Divides PAGA Claims by Labor Code Violation, Not by Employee.**

Martin Marietta may argue that, because a PAGA action "asserting multiple code violations affecting a range of different employees does not constitute 'a single claim,'" the penalties sought for CBA-covered employees are separate claims that can be preempted on their own. *Viking River Cruises, Inc. v. Moriana*, 596 U.S. 639, 654 (2022). However, *Renteria-Hinojosa* forecloses that argument.

The Ninth Circuit there treated each PAGA "claim" as the claim "alleging a predicate violation of the California Labor Code," separating the untimely-wage claim from the overtime and meal-and-rest claims by statute, not by which employees were affected. 150 F.4th at 1095. On that framing, Plaintiff's § 510 PAGA claim is a single claim whose source is § 510, and an exemption that might apply to some employees is a defense to part of that claim, not the source of a CBA claim. *Id.* at 1092–1093.

**5. Martin Marietta's Authorities Do Not Support Removal.**

***Shwiyat.*** Martin Marietta's principal authority is its own prior case. (NOR ¶¶ 17, 24, 26.) The court there first found Martin Marietta's notice of removal insufficient and issued an order to show cause. *Shwiyat v. Martin Marietta Materials, Inc.*, No. 3:23-cv-00283-JSC, 2023 U.S. Dist. LEXIS 182215, at *3 (N.D. Cal. Oct. 10, 2023). After Martin Marietta responded with evidence, the plaintiff conceded that "at least some of the claims for some of these allegedly aggrieved employees are preempted," and stipulated to dismiss them. *Id.* at *3–4. The court held that those conceded claims "alone give the Court removal jurisdiction and mandate denial of the motion to remand." *Id.* at *15. Plaintiff here makes no such concession.

*Shwiyat* also reasoned that a PAGA action supports jurisdiction "so long as some claims—either individual or non-individual—are preempted." *Id.* at *10–11. That reasoning has not survived later developments, for two reasons.

First, it rested on the premise that a claim subject to a statutory exemption exists "solely as a result of the" CBA. *Id.* at *18–20 (applying *Curtis*). The Ninth Circuit has since held that a defendant cannot create § 301 jurisdiction by invoking a CBA in a defensive argument. *Renteria-Hinojosa*, 150 F.4th at 1092–1093. The judge who decided *Shwiyat* has since held that the § 514 and § 512(e) exemptions are affirmative defenses that cannot support removal. *Cortes*, slip op. at 6–9.

Second, *Shwiyat* relied on the rule that a PAGA plaintiff may seek penalties "for violations involving employees other than the PAGA litigant herself." *Shwiyat*, 2023 U.S. Dist. LEXIS 182215, at *10 (quoting *Viking River*, 596 U.S. 639). That case was removed in early 2023 (No. 3:23-cv-00283-JSC), more than a year before the 2024 amendments took effect. Under the 2024 amendments, every violation alleged must be one the plaintiff "personally suffered." Cal. Lab. Code § 2699(c)(1).

***Braswell* and *Rodriguez*.** *Braswell v. AHMC San Gabriel Valley Med. Ctr. LP*, No. 21-cv-09959-MWF (AGRx), 2022 U.S. Dist. LEXIS 42113 (C.D. Cal. Mar. 8, 2022), held that a PAGA plaintiff's "own lack of CBA coverage is not a defense to preemption under *Curtis*." *Id.* at *10. But the plaintiff there did not dispute that the nine CBAs submitted at removal satisfied § 514, *id.* at *9–10; the court addressed non-coverage only on the assumption that "[e]ven if" she was not a party to the agreements, *id.* at *7, *10; it identified no disputed contract term, *cf. Renteria-Hinojosa*, 150 F.4th at 1089; and it rejected the defense argument in two sentences because the plaintiff had not addressed *Curtis*, *id.* at

*10–11. Its only authority on non-coverage, *Dep't of Fair Emp. & Hous. v. Verizon Cal., Inc.*, 108 Cal. App. 4th 160, 163–171 (2003), involved an employee who was covered by the CBA and no question of removal jurisdiction.

*Rodriguez v. USF Reddaway Inc.*, No. 2:22-cv-00210-TLN-DB, 2022 U.S. Dist. LEXIS 233603 (E.D. Cal. Dec. 30, 2022), followed *Braswell*, but the plaintiff there was himself "a union employee" whose "employment was subject to the CBAs," and he contested only the wage element of § 514, and only in reply. *Id.* at *6–8 & n.4. Its holdings as to other employees rest entirely on *Braswell*. *Id.* at *8–10.

*Stoddart* declined to follow *Braswell* and *Rodriguez*, finding "their logic is at odds with the nature of the PAGA statute." 2023 U.S. Dist. LEXIS 43642, at *11; *see also Cranton*, 2022 U.S. Dist. LEXIS 199054, at *16 n.1 (observing that *Braswell* "may have misconstrued and misapplied the relevant law"). Later courts have followed *Stoddart*. *See Dominguez*, 2023 U.S. Dist. LEXIS 193323, at *8–9; *Delgado*, slip op. at 6–7. Both *Braswell* and *Rodriguez* predate the 2024 amendments and *Renteria-Hinojosa*.

***Colbourne.*** Martin Marietta cites *Colbourne v. Sysco San Diego, Inc.*, No. 3:25-cv-02493-RBM-BJW, 2026 U.S. Dist. LEXIS 200964 (S.D. Cal. Sept. 4, 2026), as "holding that PAGA claims based on overtime and meal period violations were preempted by LMRA." (NOR ¶ 16.) It held the opposite: the plaintiff's PAGA overtime and meal-break claims were not preempted. *Id.* at *10–12. It found jurisdiction solely over a § 204 claim, because the plaintiff was a Teamsters member covered by a CBA requiring weekly pay who did not address § 204(c) until reply. *Id.* at *1–2, *12–16. *Colbourne* says nothing about a plaintiff not covered by a CBA.

***Painting & Decorating Contractors.*** *Painting & Decorating Contractors Ass'n v. Painters & Decorators Joint Committee*, 707 F.2d 1067, 1071 (9th Cir. 1983), concerns suits "for violation of a contract between a union and employer." Plaintiff brings no such suit, and *Dominguez* remanded notwithstanding the employer's reliance on that case. 2023 U.S. Dist. LEXIS 193323, at *6–10.

**Artful pleading.** In each artful-pleading case Martin Marietta cites (NOR ¶ 18), the plaintiff's own employment was governed by the CBA. *See Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987); *Milne Emps. Ass'n v. Sun Carriers, Inc.*, 960 F.2d 1401, 1406 (9th Cir. 1991). Plaintiff has omitted nothing; she has no CBA. (NOR ¶ 17.) A plaintiff who pleads only state-law claims "may, by eschewing claims based on federal law, choose to have the cause heard in state court." *Renteria-Hinojosa*, 150 F.4th at 1089 (quoting *Caterpillar*, 482 U.S. at 399).

**Exemption cases.** Martin Marietta's § 204(c) and § 512(e) authorities each involved a named plaintiff whose own employment was governed by the CBA at issue. *See Landy v. Pettigrew Crewing, Inc.*, No. CV 19-07474-RGK (AFMx), 2019 U.S. Dist. LEXIS 203458, at *3, *9–10 (C.D. Cal. Nov. 22, 2019) (union camera operator); *Corlew v. Superior Duct Fabrication, Inc.*, No. CV 22-04466-JLS-E, 2022 U.S. Dist. LEXIS 230091, at *3, *22 (C.D. Cal. Dec. 21, 2022) (union member); *Ariola v. Raytheon CA Techs. Corp.*, No. CV 23-4691-MWF (AGRx), 2023 U.S. Dist. LEXIS 158377, at *12–14 (C.D. Cal. Sept. 6, 2023) (plaintiff covered by CBA); *Rodriguez*, 2022 U.S. Dist. LEXIS 233603, at *7 ("union employee"); *Chatman v. WeDriveU, Inc.*, No. 3:22-cv-04849-WHO, 2022 U.S. Dist. LEXIS 199533, at *5 (N.D. Cal. Oct. 28, 2022) (plaintiff covered by CBA); *Bradford v. Pro. Tech. Sec. Servs. Inc.*, No. 20-cv-02242-

WHO, 2020 U.S. Dist. LEXIS 92535, at *3, *11–13 (N.D. Cal. May 27, 2020) (union member). None addressed a plaintiff covered by no CBA.

**6. At a Minimum, the Conflict in Authority Requires Remand.**

Because "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal," *Gaus*, 980 F.2d at 566, the conflict in authority alone requires remand. As in *Rivera*, Martin Marietta points to no binding authority holding that § 301 preempts the PAGA claim of a plaintiff not covered by the CBA in question. 2022 U.S. Dist. LEXIS 47924, at *7. The weight of reasoned authority, the 2024 amendments, and *Renteria-Hinojosa* all point the other way.

**D. Each of Martin Marietta's Three Theories Fails Independently**

The arguments in Sections IV.A through IV.C apply to every claim. Martin Marietta's theories also reach only a fraction of the case. Of the nine categories of noticed violations, the notice of removal addresses two: overtime and pay timing. (NOR ¶¶ 19–29; COA ¶ 13.) It does not contend that the other seven (off-the-clock work, deductions, sick leave, final pay, wage statements, reimbursement, and recordkeeping) depend on any CBA. Each of Martin Marietta's three specific theories fails on its own terms.

**1. Overtime (Labor Code § 514)**

Section 514 exempts from § 510 only "an employee covered by a valid collective bargaining agreement" that meets its requirements. Plaintiff is not such an employee. (NOR ¶ 17.) Her right to overtime under § 510 therefore arises from state law and nothing else. *Renteria-Hinojosa*, 150 F.4th at 1089.

As to other employees, Martin Marietta has not shown that any agreement satisfies § 514 for all employees it covers during the PAGA period. *See* Section IV.A; *Huffman v. Pac. Gateway Concessions LLC*, No. 19-cv-01791-PJH, 2019 U.S. Dist. LEXIS 104486, at *6 (N.D. Cal. June 21, 2019). And to calculate any

overtime owed, a court at most would "refer to the pay rates listed in the CBAs to identify the applicable regular rate of pay," which "does not trigger § 301 preemption." *Renteria-Hinojosa*, 150 F.4th at 1090 (citing *Livadas*, 512 U.S. at 125).

The overtime theory Plaintiff pleads involves no CBA term either. It alleges that Martin Marietta left non-discretionary bonuses, such as "safety awards" and "award spots," out of the regular rate. (Compl. ¶¶ 31–33.) Those are company bonus programs paid to Plaintiff, who had no CBA. (*E.g.*, Katseanes Decl. Ex. 3 at 179.) Whether such bonuses belong in the regular rate is a state-law question that requires at most looking to the amounts paid. *Renteria-Hinojosa*, 150 F.4th at 1090.

**2. Meal Periods (Labor Code § 512(e)–(f))**

The meal-period theory fails at the threshold because Plaintiff does not seek PAGA penalties for meal-period violations. A PAGA plaintiff may recover penalties only for violations described in her LWDA notice. Cal. Lab. Code § 2699.3(a)(1)(A); *Brown v. Ralphs Grocery Co.*, 28 Cal. App. 5th 824, 837–839 (2018). Plaintiff's notice identifies no violation of § 512 or § 226.7, and neither does the complaint's list of predicate violations. (COA ¶ 13; PAGA Notice.) Martin Marietta cannot remove a case by attacking a claim Plaintiff has not brought.

In any event, § 512(e) applies only to employees in categories listed in § 512(f), such as construction occupations, who are covered by a CBA with specified terms, including express meal-period provisions and final and binding arbitration of meal-period disputes. Martin Marietta has not identified any such agreement or any employee it covers. (*See* NOR ¶¶ 23–26.)

Martin Marietta relies on *Shwiyat's* ruling that certain of its quarry employees work in construction occupations. (NOR ¶¶ 24, 26.) That ruling was made on summary judgment, on a 2023 record, as to employees covered by specific agreements, and after the plaintiff conceded key points at oral argument. *Shwiyat*, Dkt. 73 at 14–17. That the question was resolved on the merits confirms that § 512(e) is a defense to a state-law claim, not the source of a federal one. *See Hernandez*, 794 F. Supp. 3d at 704. It establishes nothing about which employees, agreements, or facilities were at issue during this PAGA period.

**3. Timely Payment (Labor Code § 204(c))**

Section 204(c) applies "when employees are covered by a collective bargaining agreement that provides different pay arrangements." Plaintiff was not covered by any agreement (NOR ¶ 17), and Martin Marietta paid her weekly on its own schedule. (Katseanes Decl. ¶ 5 & Ex. 3.) Her claim for untimely payment arises from state law alone.

Martin Marietta's theory also defeats itself. Its only factual premise is that the CBAs provide for wages to be "paid weekly." (NOR ¶ 28.) But § 204 is "inapplicable to employees paid on a weekly basis on a regular day designated by the employer in advance of the rendition of services as the regular payday," whose pay timing is governed instead by § 204b, which has no exception for employees covered by a collective bargaining agreement. Cal. Lab. Code § 204b. The complaint pleads violations of § 204 "and/or 204b (for weekly employees, as applicable)." (COA ¶ 13(e); Katseanes Decl. Ex. 1 at 23.) On Martin Marietta's own account, then, § 204(c) does not apply to the employees it describes, and at most a court would look to an agreement to identify a regular payday. *Livadas*, 512 U.S. at 125.

Martin Marietta's assertion that "the applicable CBAs provide that wages are to be 'paid weekly'" is unsupported by any evidence. (NOR ¶ 28.) Each of its § 204(c) authorities involved a plaintiff personally covered by the agreement at issue. *See* Section IV.C.5. And the Ninth Circuit has never approved § 204(c)-based preemption; the plaintiff in *Renteria-Hinojosa* did not appeal the dismissal of her untimely-wage claims. 150 F.4th at 1084–1086.

**4. Martin Marietta Identifies No Actively Disputed CBA Term.**

To the extent the notice suggests that the claims "require interpretation of" a CBA (NOR ¶ 12), it identifies no term whose meaning is disputed. Step-two preemption requires "an active dispute over 'the meaning of contract terms.'" *Renteria-Hinojosa*, 150 F.4th at 1089 (quoting *Schurke*, 898 F.3d at 921). "[A] hypothetical connection between the claim and the terms of the CBA is not enough." *Id.* (cleaned up). Nor is the "speculative possibility" that a dispute may arise later. *McCray*, 902 F.3d at 1013; *see Cortes*, slip op. at 10–12.

Nor would applying the exemptions require interpretation. Section 514 asks whether an agreement "expressly provides for the wages, hours of work, and working conditions of the employees," provides "premium wage rates for all overtime hours worked," and sets a regular rate "not less than 30 percent more than the state minimum wage." Each question is answered by reading the agreement and comparing numbers, and the "mere need to 'look to'" a CBA does not trigger preemption. *Livadas*, 512 U.S. at 125; *see Cortes*, slip op. at 10–12. Martin Marietta, which asserts that each agreement satisfies every element (NOR ¶¶ 20, 25), can hardly claim those terms are ambiguous.

**E. Plaintiff Lacks Article III Standing to Pursue the CBA-Based Claims on Which Removal Depends, Which Requires Remand Under 28 U.S.C. § 1447(c)**

Martin Marietta's theory contains its own jurisdictional defect. The only claims it calls federal are those of unidentified union employees whose rights, it says, exist "solely as a result of" their CBAs. (NOR ¶¶ 21, 27, 29.) If that is wrong, there is no federal question. If it is right, Plaintiff lacks Article III standing to pursue those claims, because she never had a CBA and never suffered the violation of one. Either way, § 1447(c) requires remand. This is the flip side of Section IV.C.4: if PAGA claims are defined by the Labor Code provision violated, Plaintiff's claims arise under state law; if union employees' claims are instead separate CBA claims, Plaintiff lacks standing to bring them.

**1. Martin Marietta Must Establish Plaintiff's Standing for Each Claim on Which It Relies.**

"The party invoking federal jurisdiction bears the burden of establishing" standing, *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992), and in a removed case that party is the defendant. Standing "is not dispensed in gross"; a plaintiff must demonstrate it "for each claim" she presses. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021). The rule applies to PAGA claims in federal court. *Magadia* held that a PAGA plaintiff lacked standing to seek penalties for meal-break violations because "he himself did not suffer injury," and it rejected the argument that PAGA's assignment of the State's interest supplies standing. 999 F.3d at 674–678.

**2. Plaintiff Suffered No Injury from the Violation of Any CBA.**

Martin Marietta concedes that Plaintiff was not a union member and had no CBA (NOR ¶ 17), and its payroll records reflect no union dues in three years of weekly pay. (Katseanes Decl. ¶¶ 4–5 & Ex. 3.) She therefore could not have suffered the violation of a right that exists "solely as a result of" a CBA, which is how Martin Marietta defines every claim it says is preempted. Under *Magadia*,

she lacks standing to pursue those claims here. The 2024 PAGA amendments draw the same line: a plaintiff must have "personally suffered each of the violations alleged." Cal. Lab. Code § 2699(c)(1).

Martin Marietta has obtained that ruling before. In *Shwiyat*, the court held that the non-union plaintiff "does not have Article III standing to recover penalties for violations of collective bargaining agreements as he did not suffer any such injuries." *Shwiyat*, Dkt. 71 at 3 (citing *Magadia*, 999 F.3d at 678).

That PAGA claims are brought on behalf of the State does not change the analysis. The State is the real party in interest, *Kim v. Reins Int'l Cal., Inc.*, 9 Cal. 5th 73, 81 (2020), and it is not a party to any CBA. *Magadia* rejected the argument that PAGA's assignment of the State's interest supplies Article III standing for violations the plaintiff did not personally suffer. 999 F.3d at 674–678. Nor can the State's interest be used to manufacture federal jurisdiction over what is, at bottom, a "quintessential California dispute." *Urbino*, 726 F.3d at 1122–1123.

**3. Section 1447(c) Requires Remand, and Nothing Would Remain in This Court.**

"[A] removed case in which the plaintiff lacks Article III standing must be remanded to state court under § 1447(c)." *Polo*, 833 F.3d at 1196. The statute's "literal words" give "no discretion to dismiss rather than remand." *Id.* (quoting *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991)). *Magadia* applied that rule to a PAGA claim, vacating the judgment on the plaintiff's meal-break claim and directing that the claim be remanded to state court. 999 F.3d at 678.

With those claims remanded, nothing would remain within the Court's original jurisdiction. Martin Marietta removed solely under § 301. (NOR ¶ 11.)

When the claims that would supply original jurisdiction fail for lack of subject matter jurisdiction, the court "has no discretion" to retain the rest. *Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 664 (9th Cir. 2002) (quoting *Herman Fam. Revocable Tr. v. Teddy Bear*, 254 F.3d 802, 806 (9th Cir. 2001)). That distinguishes *Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997 (9th Cir. 2001), where the court had jurisdiction over the plaintiff's claims against another defendant. *Id.* at 1006–1007.

Nor can Martin Marietta avoid remand by asking the Court to dismiss those claims for failure to exhaust grievance procedures, as in *Renteria-Hinojosa*. Exhaustion is a non-jurisdictional merits defense, *see* 150 F.4th at 1087–1088, and a court may not reach the merits of a claim over which it lacks Article III jurisdiction. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998).

**F. Without a Claim Within the Court's Original Jurisdiction, There Is No Supplemental Jurisdiction; Alternatively, the Court Should Decline It**

**1. Supplemental Jurisdiction Requires a Claim Within the Court's Original Jurisdiction.**

Supplemental jurisdiction "may only be invoked when the district court has a hook of original jurisdiction." *Herman*, 254 F.3d at 805; *see Renteria-Hinojosa*, 150 F.4th at 1086. For the reasons above, no claim here falls within the Court's original jurisdiction, so Martin Marietta's request for supplemental jurisdiction (NOR ¶ 31) fails, and the Court must remand the entire action. 28 U.S.C. § 1447(c).

**2. Even if Some Portion of the Action Were Preempted, the Court Should Decline Supplemental Jurisdiction.**

Even if the Court were to reject Plaintiff's standing argument and find some portion of the action preempted, Plaintiff could not exhaust grievance

procedures under agreements to which she is not a party, *see Republic Steel Corp. v. Maddox*, 379 U.S. 650, 652–653 (1965), and any such claim would be dismissed, leaving only state-law claims of a plaintiff covered by no CBA.

The Ninth Circuit affirmed a remand in exactly that posture, holding that the district court acted within its discretion in declining supplemental jurisdiction after dismissing the one preempted claim, and that a court may consider § 1367(c) on its own initiative. *Renteria-Hinojosa*, 150 F.4th at 1084, 1095–1096 (citing *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 n.3 (9th Cir. 1997) (en banc)).

Every § 1367(c) consideration favors remand. The action turns on PAGA as amended in 2024 and on the scope of California's statutory exemptions, which are questions for California courts. § 1367(c)(1). State law predominates in an action brought on behalf of the State to enforce its labor laws. § 1367(c)(2); *see Urbino*, 726 F.3d at 1122–1123. Once any preempted portion is remanded or dismissed, nothing federal is left, and when federal claims are eliminated at an early stage, the balance of factors ordinarily points toward declining jurisdiction. § 1367(c)(3); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). And the case is at its outset; the superior court has already set a case management conference. (ECF No. 6-5.)

Supplemental jurisdiction is also a poor fit for a PAGA action, whose violations "need not even arise from a common 'transaction' or 'nucleus of operative facts.'" *Viking River*, 596 U.S. at 654; *see* 28 U.S.C. § 1367(a).

**G. The Court Should Decide Jurisdiction Before Martin Marietta's Motion to Consolidate**

Martin Marietta has moved to consolidate this action with the class action pending before Judge Lopez. (NOR ¶ 44.) Subject matter jurisdiction is a

threshold question the Court must decide first. *Steel Co.*, 523 U.S. at 94–95. Consolidation cannot supply jurisdiction that is otherwise lacking, because consolidated cases retain their separate identities. *Hall v. Hall*, 584 U.S. 59, 77 (2018). And Martin Marietta removed the class action on grounds, including diversity, that it does not and cannot assert here. (NOR ¶ 5.) *See Urbino*, 726 F.3d at 1122–1123. The Court should decide this motion first and deny the motion to consolidate as moot.

## V. CONCLUSION

Martin Marietta has not established that any claim in this action arises under federal law. Plaintiff respectfully requests that the Court:

1. remand this action to the Superior Court of California, County of San Diego, Case No. 26CU045923C, for lack of subject matter jurisdiction under 28 U.S.C. § 1447(c), including because Plaintiff
2. lacks Article III standing to pursue the CBA-based claims on which removal depends;
3. in the alternative, decline supplemental jurisdiction under 28 U.S.C. § 1367(c) and remand all remaining claims; and
4. deny Martin Marietta's motion to consolidate as moot.

Dated: November 2, 2026

Ferraro Vega Employment Lawyers, Inc.

By: ______________________

Nicholas J. Ferraro
Lauren N. Vega
Rick A. Waltman
Andrew T. Katseanes
Attorneys for Plaintiff Shayna Hill